*C. C. Nave,* for appellant.

*P. S. Kennedy,* for appellee.

———————————⊙———————————

## SHORES *v.* SHORES.

DIVORCE.—In an action by the wife for divorce, the special finding of the
jury showed the following facts: The husband had thrown the wife upon
the floor and choked her, and she had reason to fear further personal
violence. She was induced to abandon him by his ill-treatment and "by
means used by other persons." While they lived together, and since their
separation, he has endeavored to destroy her character for chastity; he
did not discharge his duty as a husband while they lived together, and
the wife had cause to abandon her husband. During the existence of
the marriage, and up to the time of the separation, the wife had not
endeavored to discharge the duties of a faithful and affectionate wife,
and win and retain the affections of her husband.

*Held,* that the special finding of the jury entitled the wife to a divorce.

APPEAL from the *Fayette* Common Pleas.

RAY, CH. J.—This was an action for divorce. The
causes assigned were, that appellant, who filed the petition,
had been compelled by the abuse and ill-treatment of the
appellee to abandon him; that said appellee has, during the
existence of the marriage relation, endeavored to destroy
her character for chastity with her neighbors, by falsely
charging her with improper intimacy with other men,
when he well knew the charges to be false.

The issues raised by the pleadings were submitted to a
jury, and the special findings show the following facts:
the appellee had thrown the appellant upon the floor and
choked her, and she had reason to fear further personal
violence. She was induced to abandon him by his abuse
and ill-treatment, and "by means used by other persons."
While they lived together, and since their separation, he
has endeavored to destroy her character for chastity. The

Shores *v.* Shores.

appellee did not discharge his duty as a husband while they resided together, and the jury find that the wife had cause to abandon her husband. The jury found also "that during the existence of the marriage relation, and up to the time of the separation, the appellant had not endeavored to discharge the duties of a faithful and affectionate wife, and win and retain the affection of her husband." Upon this finding of the jury, the court refused to grant the divorce, and dismissed the bill. This ruling of the court is assigned as error.

While we do not regard our statute as intended to destroy the permanency of the marriage relation, and permit every restless spirit to obtain legal release from its solemn obligations, still the wrongs in the case in judgment are too outrageous to be answered by any sin of mere omission.

That a wife should be so unwomanly as to fail to use due endeavor "to win and retain" the love of a husband who has stricken her to the earth and cruelly abused her person; that she should not have "discharged the duties of a faithful and affectionate wife" to the husband who has libeled her chaste name among her neighbors, may be a sin in the opinion of those who require of a mortal that perfection rarely attained. The statute law of *Indiana* is not so stern. The wife may be in fault, but the fault must be deadly, a crime, which shall close her lips in our courts to the recital of such grievous wrongs, and bid her return again to her husband's protection.

In our opinion, the court, having submitted the issues to a jury, and the findings being within these issues, they can not be disregarded by the court, and those findings entitle the appellant to a decree of divorce.

The judgment of the court below dismissing the petition is reversed at the costs of the appellee, and the cause remanded; and it is directed that a decree of divorce be entered upon the special findings of the jury.

*B. F. Claypool* and *J. C. McIntosh,* for appellant.

*Nelson Trusler,* for appellee.