IFERT v. IFERT.

ALIMONY.—In fixing the amount of alimony, the conduct of the husband towards the wife may be considered, and where the evidence upon which the divorce was granted is not in the record, the court cannot say that the allowance is excessive, though the record does contain the evidence upon the subject of the value of the husband's estate.

SAME.—TIME OF PAYMENT.—A judgment for alimony must be for a gross sum, but the court may, under the statute, give time for the payment thereof by installments, if sufficient security is given.

APPEAL from the *Madison* Common Pleas.

GREGORY, C. J.—The appellant filed his petition in the court below for a divorce. The appellee answered by the general denial, and also filed her cross-petition, averring causes of divorce against the plaintiff, and praying for alimony. Trial by the court; finding for the defendant on the allegations in her cross-petition.

The court decreed to the defendant against the plaintiff four thousand dollars as alimony, to be collected upon execution as other judgments in law; and it was further decreed by the court, "that if the said *Jacob Ifert* first give good and sufficient security for the payment of said judgment, in that case it shall be paid by the said plaintiff to the defendant in installments, as follows to-wit:" three hundred dollars thereof shall be paid on the 25th day of *December*, 1867; three hundred dollars in one year from date of judgment; four hundred dollars each in two, three, four, five, six, seven, eight and nine years from date of decree,

and two hundred dollars in ten years from date of judgment.

Motion for a new trial overruled. The evidence is not in the record. It is claimed that the amount of alimony is excessive. The conduct of the husband towards his wife may be considered in fixing the amount of alimony to be awarded to the latter. In the absence of the testimony on which the divorce was granted, we cannot say that the alimony in this case is excessive.

There is a bill of exceptions in which the judge certifies that the evidence showed that the plaintiff was, at the time of the trial, eighty-two years of age; that the defendant was seventy-one years of age; that the husband was the owner of real estate of the value of $10,800; that the yearly rents and profits thereof were of the value of $200; that his personal property was of the value of $1,200; that three hundred and twenty acres of the real estate is situated in *Ohio*, worth $4,800, and is unimproved; that the residue of his real estate, one hundred and twenty acres, is in *Madison* county, and is of the value of $6,000, and is the only real estate of the plaintiff yielding an income. It does not, however, appear what other evidence was given bearing on the question of alimony.

It is claimed that the decree is not authorized by law. The statute provides that "the decree for alimony to the wife shall be for a sum in gross, and not for annual payments; but the court, in its discretion, may give a reasonable time for the payment thereof by installments, on sufficient surety being given." 2 G. & H., § 22, p. 354. The decree in this case is in strict conformity with the statute.

The judgment is affirmed, with costs, and one-half of one per cent. damages.

*M. S. Robinson*, for appellant.

*H. Craven*, for appellee.