Graft v. Graft.

———————•◆•———————

No. 8115.

GRAFT v. GRAFT.

DIVORCE.—*Cruel and Inhuman Treatment of Wife.*—*Adultery.*—*Evidence.*— On trial of a wife's petition for divorce, evidence that the husband falsely charged her with adultery, and published the charge to her neighbors, sustains a finding of cruel and inhuman treatment.

SAME.—*Proof of Good Character.*—On such trial, the court did not err in permitting her to prove her good character in making out her case in chief.

SAME.—*Excessive Alimony.*—Where the husband's estate was worth $7,000, and consisted largely of a farm of 120 acres, an allowance of $4,000 without provision for the maintenance and education of their infant child committed to her custody, was excessive by $1,500.

SAME.—*Custody of Child.*—A finding in favor of the wife is sufficient to authorize an award to her of the custody of a child, eight years old, unless an abuse of judicial discretion affirmatively appear.

From the Miami Circuit Court.

*J. L. Farrar, J. Farrar, S. D. Carpenter, H. J. Shirk* and *J. Mitchell,* for appellant.

*J. M. Brown, L. Walker* and —— *Cole,* for appellee.

FRANKLIN, C.—This was an action by appellee against appellant, to obtain a divorce. The appellant answered the complaint by a denial, and filed a cross complaint. The appellee claimed alimony, and each claimed the custody of their infant child, Charles E. Graft, who was eight years old. Appellee answered the cross complaint by denial; trial by

court; finding for appellee on her complaint, and against appellant on his cross complaint; motion for a new trial overruled, and appellant excepted; decree in favor of appellee for a divorce, alimony and the care and custody of their infant child, Charles E.

The only error assigned in this court is upon the overruling of the motion for a new trial. The following reasons were embraced in the motion for a new trial:

1st. Excessive damages;

2d. Error in the assessment of the amount of recovery;

3d. The finding was not sustained by sufficient evidence, and was contrary to law;

4th. Irregularity in permitting evidence, over appellant's objection, to be given of the good character of appellee, before it had been attacked;

5th. The court erred in giving the care and custody of the child to appellee;

6th. The court erred in granting the decree to the appellee.

As to the fourth reason: Ordinarily, the character of a party is presumed to be good until that character has been attacked; but, in divorce cases, and particularly in this case, under the state of the pleadings, we do not think it erroneous for the plaintiff to prove her good character in making out her case in chief. At most, it is not such an error as appellant would have a right to complain of.

The third and sixth reasons are based upon the alleged insufficiency of the testimony, and may properly be considered together.

Appellee, in her complaint, charged appellant with abandonment, cruel and inhuman treatment, habitual drunkenness and adultery. The separation of the parties occurred in February, and the trial in March, 1879. There was no proof of abandonment by appellant. There was proof of ill treatment and abusive language by appellant toward ap-

pellee; that he had charged her with being guilty of adultery, and had repeatedly reported to her neighbors that she was guilty of adultery.   We have examined the testimony, and think it strongly supports the finding of the court in favor of appellee, on her complaint, except as to abandonment, and against appellant on his cross complaint.   And we think the court was justified in coming to the conclusion that appellant had been falsely charging and reporting that appellee had been guilty of infidelity, to which it would be unnatural in the wife to quietly submit, and cruel and inhuman on the part of the husband to require such submission. *Morse* v. *Morse*, 25 Ind. 156.

In the case of *Shores* v. *Shores*, 23 Ind. 546, RAY, J., in delivering the opinion of the court, says : "That she should not have 'discharged the duties of a faithful and affectionate wife' to the husband, who has libelled her chaste name among her neighbors, may be a sin in the opinion of those who require of a mortal that perfection rarely attained."

"Cruelty" is defined to mean, to give pain, willing or pleased to give torment, vex or afflict, or cause grief or misery.   "Inhuman" is defined to mean, destitute of the kindness and tenderness that belongs to a human being. · A husband could hardly, by any other means, cause a sensitive wife more mental pain, torment, vexation, affliction, grief and misery, than to falsely charge her with the crime of adultery, and slanderously report the same around among her neighbors; and in doing so he would certainly be guilty of great unkindness and want of tenderness toward her.   A greater violation of the marital vow, to protect and defend the reputation, as well as the person, of a wife, the husband could not commit, than to wantonly traduce and vilify her character.

The evidence showed conclusively that appellant had frequently been intoxicated, and that the habit of intoxication had grown upon him and become much stronger for a short time before the separation and divorce trial.   And, while

the charge of abandonment was not made out, we think the charges of cruel and inhuman treatment and habitual drunkenness were sufficiently established by the evidence to support the finding in favor of appellee and the decreeing of the divorce by the court.

The first and second reasons for a new trial are based upon the amount decreed as alimony, which was $4,000. From the testimony, appellant's estate was worth some $7,000, and consisted largely of a farm of 120 acres of land. In the case of *Musselman* v. *Musselman*, 44 Ind. 106, the following language is used: "Where the wife, by her industry and economy, has contributed to the accumulation of the property, and where the divorce has been granted to her on account of the misconduct of the husband, the rule is, that she should not be placed in a worse condition than if she had survived her husband; otherwise the husband would be permitted to take advantage of his own wrong."

Here a rule is laid down as to the minimum amount of alimony, but not as to the maximum. In the case of *Ifert* v. *Ifert*, 29 Ind. 473, where the estate of the husband was worth some $12,000, but only 120 acres of land, in Madison county, worth $6,000, yielded any income, a decree for $4,000 alimony was held not excessive; and GREGORY, J., in delivering the opinion of the court, says: "The conduct of the husband toward his wife may be considered in fixing the amount of alimony to be awarded to the latter."

In the case of *Powell* v. *Powell*, 53 Ind. 513, in relation to the amount of alimony allowed and the custody of infant children, HOWK, J., in the opinion of the court, uses the following language: "These matters are both, of necessity, largely within the discretion of the court below; and the abuse of that discretion must be very clear indeed, to justify this court in interfering with its exercise."

In the case of *Conn* v. *Conn*, 57 Ind. 323, BIDDLE, J., in delivering the opinion of the court, says: "The discretion-

ary power of the lower court must have been clearly abused to authorize an appellate court to revise it."

The statute provides, 2 R. S. 1876, p. 331, sec. 20: "The court shall make such decree for alimony in all cases contemplated by this act, as the circumstances of the case shall render just and proper," etc.

In the case of *Rourke* v. *Rourke*, 8 Ind. 427, three of the judges, GOOKINS, STUART and PERKINS, each gave a separate opinion, reversing the decree for alimony, on the ground of its being excessive. In that case, the husband's property consisted of an eighty-acre tract of land, valued at $2,000. The wife owned forty acres of land, but its value is not stated. She had one child by a former husband, none by the second marriage. The court decreed to her $850 as alimony. STUART, J., in his opinion, uses the following language: "True, in this, as in many other questions, much must depend on the discretion of the courts. But it is a sound discretion, regulated as far as may be by fixed rules. The law aims to adjust the dissolution on such terms as shall be equitable to the parties, under the peculiar circumstances of each case. But to encourage divorces by such extravagant decrees as this,—to render the marriage tie brittle, and its obligations and duties easily thrown aside, holding out such premiums by way of alimony to stimulate the caprice or avarice of parties, must be conceded to be questionable policy. Imperfect though its bliss may be in the particular case, the ends of social and civil polity are usually better subserved by its continuance than by its inconsiderate dissolution." While the facts in that case were not analogous to the facts in the case under consideration, yet we think the quotation appropriate to the subject of the amount of alimony to be decreed.

In connection with the subject of alimony, the statute also provides (section 21) that "The court, in decreeing a divorce, shall make provision for the guardianship, custody,

Graft *v.* Graft.

support, and education of the minor children of such marriage." Hence, the care, custody, support and education of the minor children are, alike with alimony, placed within the discretionary power of the court below. And the rule that it requires a clear abuse of that discretion, before this court will interfere with its exercise by the court below, is alike applicable to both.

The court below having found in favor of appellee, and against appellant on his cross complaint, and in favor of appellee on her complaint, we see no good reason why the guardianship, etc., of their minor child should not be awarded to her. It will be observed, in this case, that no provision was made by the court for the maintenance and education of the child. And to allow the wife a judgment for more than half the value of the husband's estate, without any restriction that any part of it should be applied for the use of the child, under the liability that a forced sale for its payment would consume all his assets, we think would be excessive. And, unless the appellee will remit a part of the same, the judgment, as to the alimony, ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of divorce, and the decree in relation to the care and custody of the child, be, and the same are hereby, in all things affirmed; and that, should appellee, within sixty days, enter a remittitur for the sum of $1,500, then the judgment for alimony for $2,500 be in all things affirmed. Otherwise, that the judgment for alimony be in all things reversed, and that each party pay half the costs.