J. A. LAWLOR, Appellant, v. MARY A. LAWLOR, Respondent.

St. Louis Court of Appeals, November 15, 1898.

1. **Divorce**: EVIDENCE: PRACTICE, APPELLATE. In a divorce case it is the duty of this court to review the whole evidence, yet it will defer somewhat to the finding of the trial judge, and will not reverse his finding unless it appears to be incorrect.

2. ———: ———: ———: INNOCENT AND INJURED PARTY. To authorize the granting of a divorce, one of the parties asking for it must be both the *innocent* and *injured* party.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

CHARLES T. & H. P. NOLAND for appellant.

If the trial judge abused his discretionary powers, and it is apparent in the record, an equitable judgment will be set aside on appeal. Mathias v. O'Neil, 94 Mo. 520; Benne v. Schnecko, 100 Mo. 250; Estes v. Fry, 94 Mo. 266. *First.* The preponderance of testimony is overwhelmingly in favor of the plaintiff, as will be shown by an inspection of the record, and the judgment should have been in favor of the plaintiff

instead of the defendant. Morris v. Morris, 60 Mo. App. 86; Benedict v. Lawson, 5 Ark. 514; Wisgleb v. Thompson, 102 Ill. 156; Irving v. Cunningham, 58 Cal. 306. (These cases were tried by the court.) See also Riley v. Boyer, 79 Ind. 152; O'Grady v. Supple, 148 Mass. 522; Freeman v. Freeman, 31 Wis. 235; Rice v. Rice, 6 Ind. 100, 105; Powelson v. Powelson, 22 Cal. 358 and 360; Goodman v. Goodman, 26 Mich. 417 and 418; Goodrich v. Goodrich, 44 Ala. 670, 676; Coursey v. Coursey, 60 Ill. 186, 187. *Second*. It was an abuse of discretion by the court below in refusing to hear the testimony in chief of the additional witnesses provided by the plaintiff in his behalf and present in court. Ralf v. Ralf, 10 Ga. 143; Wilson v. Brandon, 8 Ga. 136; Browning v. Huff, 2 Bailey L. (S. Car.) 178. The motion for a new trial should have been sustained. The judgment was manifestly against the weight of evidence. Dickey v. Davis, 39 Cal. 565; Williams v. Townsend, 15 Kan. 565; McCartin v. McCartin, 37 Mo. App. 471. The indignities heaped upon plaintiff in defendant's answer, unsupported by testimony and abandoned at the trial, are sufficient evidence under the statute to sustain a judgment in plaintiff's favor. Lewis v. Lewis, 5 Mo. 278; Kennedy v. Kennedy, 73 N. Y. 369–74; Smith v. Smith, 40 N. J. Eq. 566; Bahn v. Bahn, 62 Tex. 518; Kelly v. Kelly, 18 Neb. 49; Clinton v. Clinton; 60 Mo. App. 296. The appellate court may reverse, or affirm, the judgment of the court below, or give such judgment as the court below should have rendered. Ringo v. Richardson, 53 Mo. 385; Hunt v. Railroad, 89 Mo. 607; Murdock v. Ganahl, 47 Mo. 135.

T. J. ROWE and HIRAM MOORE for respondent.

The judgment herein should be affirmed because the appellant has failed to file a statement as required

by section 2301, Revised Statutes of Missouri, 1889. Isaac v. Bohn Virden Lumber Co., 47 Mo. App. 30; Coleman v. Farrar, 14 S. W. Rep. 825; Halch v. Hanson, 46 Mo. App. 328; Rule 18 of this court.

BLAND, P. J.—Action for divorce brought by appellant against the respondent, his wife, grounded upon the following alleged indignities:

"I. That without cause or provocation upon the part of plaintiff, defendant has continuously quarrelled at plaintiff and used toward him abusive and disrespectful language in the presence of others, much to his mortification, humiliation and disgrace."

"II. That she not only has made no effort to make his home pleasant and comfortable, neglecting all her household duties, but has sadly neglected their child, failing to bestow upon it the care and attention requisite to the bringing up of said child in a proper and befitting manner."

"III. That although plaintiff has worked hard to try and make a livelihood for defendant and their said child, by running a hotel in this city (St. Louis), his business has been almost entirely ruined by reason of defendant's presence, when at different times she would come to said place, and using such vile and indecent language toward plaintiff in the hearing of others, and upon one occasion assaulted him with her parasol and threw an inkstand at him, refusing to listen to plaintiff's remonstrance with her, and plaintiff states that such continual disturbances will finally be the ruination of himself and his business."

The defendant's answer, after admitting the marriage, the birth of the child and denying generally the other allegations in the petition, specifically charges that the plaintiff repeatedly during the year 1897 was guilty of adultery with one Ida Utt, at No. 15 North

Compton avenue, in the city of St. Louis, Missouri; also on the tenth day of July, 1897, in room 24 of the Summit Hotel in said city, with some other person unknown to the defendant; that he beat, maimed and bruised her; that he frequently went buggy riding with Ida Utt, and that he paid her large sums of money for the favors which she granted him weekly, and that in the presence and hearing of others he called defendant vile names; ending with a prayer that the bill be dismissed.

Plaintiff testified that he was married to the defendant July 27, 1893, and that he finally separated from her July 4, 1897; that while he lived with defendant as his wife he treated her with kindness and respect and provided well for her; that on an occasion in 1894, defendant in the presence of a Mrs. Strong and Mrs. Linneman at the home of plaintiff, spat in his face and called him a dirty dog and cursed him; that he keeps a hotel on Seventeenth and Olive street; that his wife frequently visits the hotel, and that on the eleventh of October, 1897, she assaulted him with an umbrella, by striking him over the head and shoulders with it; that the blows were gentle, but that they broke his hat and he felt the effects of them, and the umbrella was broken by the blows, EVIDENCE. and that two of the house servants were present at the time of the assault; that on this occasion she called him a dirty dog and cursed him in a vile manner. He testified to other assaults and the use of vile and indecent language to him in the presence of employees about the hotel, and at one time in the presence of his father and mother. He also testified that his wife was jealous of him, and that she is possessed of a violent temper. His testimony is corroborated in the main by witnesses Ella Strong, Ella Wooden, Sylvester Lawlor, C. H. Hulsort and Isaac Morrell.

Plaintiff offered in chief to further corroborate his testimony, and in further proof of the indignities charged, offered witnesses O. M. Cheatham, John Hackett, Mrs. F. A. Linneman and others, whom the court declined to hear, stating that it would hear no more witnesses in chief for plaintiff.

The testimony of Mrs. Lawlor was in substance, that from the marriage until about two years previous to the trial, she and her husband had lived together very agreeably, and that he had been kind to her and treated her well; that about two years before the trial he began his habit of remaining away from home, would make only short visits in the afternoon of Sundays, and on occasional week days but would only remain a short length of time, although she begged him to remain longer. She was provided a home away from the hotel and her husband gave all of his time practically to the hotel, claiming that his business demanded it; that during this period he neglected her. Her further testimony indicates that his conduct and associations were such as to excite her jealousy, although there is no evidence in the record proving that he had been guilty of adultery. The defendant also testified that her husband had once assaulted her by striking her on the back of her neck with his fist, and at another time by striking her on the face, with such violence as to bruise and lacerate the flesh; that her face was bruised and lacerated at the time is corroborated by the testimony of another witness. Both parties proved that they were persons of good character. The trial court after hearing the evidence, dismissed the bill and rendered judgment against the plaintiff for costs, from this judgment he has duly appealed.

The evidence on the part of the appellant leaves no room to doubt that the defendant had committed

all the indignities charged against her in the petition, and that the trial court was evidently satisfied with the sufficiency of the evidence on this branch of the case, when it stopped the hearing of further testimony for the plaintiff in chief, and had there been no evidence adduced on the part of the defendant tending to show that the plaintiff was not an innocent party would doubtless have granted him the prayer of his petition. The testimony of Mrs. Lawlor was apparently so frank and unbiased, the court was doubtless greatly influenced by it, and while it discloses but one or two outward overt acts of misconduct on the part of the plaintiff, yet taking his own testimony and that of his wife together and reading it between the lines, it seems to us that he was pursuing a course of studied neglect of his wife, and failed and refused to give her any of that personal attention and the comfort of his society, which was due to her as his wife. The excuse he gives for this neglect (performance of work and duties at his hotel), is not tenable. If the hotel business required all of his time there; he should have permitted his wife to remain there with him. The trial court both saw and heard the witnesses and was in a much better position to judge of the weight and credibility to be given their testimony than we are, and while in a case of this kind it is the duty of this court to review the whole evidence, yet it will defer somewhat to the finding of the trial judge and will not reverse his findings unless it appears to be incorrect. Mathias v. O'Neill, 94 Mo. 520; Benne v. Schnecko, 100 Mo.

INNOCENT and injured party. 250. To authorize the granting of a divorce, one of the parties asking for it must be both the *innocent and injured party*. Nagel v. Nagel, 12 Mo. 53; Duncan v. Duncan, 12 Mo. 157; Morrison v. Morrison, 62 Mo. App. 299.

It is probable that the trial court failed to find the *innocent* party in this case. The evidence we think warrants the judgment, and it will be affirmed. All concur.