## BACON *v*. BACON.

[No. 6,349.   Filed January 29, 1909.]

1. DIVORCE.—*Evidence.*—Evidence showing that a husband and wife married upon a short acquaintance, that the husband left the wife about six months later, that afterwards the husband was disturbed at his place of business by the remarks and demonstrations of the wife (there being some hearsay evidence of the wife's infidelity), is not sufficient to sustain a decree of divorce on behalf of the husband.   p. 220.

2. MARRIAGE.—*Contracts.—Public Regulation.*—The public has an interest in the institution of marriage, and may regulate the contracting and the dissolution of such relation. p. 220.

3. APPEAL.—*Presumptions as to Judgment Appealed from.—Divorce.*—The presumption on an appeal from a judgment refusing a divorce, is that the trial judge decided the case in accordance with his duty. p. 221.

From Elkhart Circuit Court; *James S. Dodge,* Judge.

Suit by William P. Bacon against Ada L. Bacon. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Hile & Baker,* for appellant.

MYERS, J.—This was a proceeding for a divorce, brought by the husband, the appellant, against his wife.

The appellant assigns as error the overruling of his motion for a new trial, in which he assailed the finding against him as not sustained by sufficient evidence and as contrary to law.

From the allegations of the complaint it appears that the parties lived together as husband and wife less than six months. The cause of separation is not stated in the pleading. It appeared in evidence that the appellant abandoned the appellee. The alleged grounds for a divorce were adultery and inhuman treatment. The former ground was alleged to have arisen more than two months after the separation. The only instance of alleged cruel and inhuman treatment to which a date was specifically assigned was stated to have occurred more than five months after the separation; and it was charged that on various occasions, the times of which were not more definitely indicated, the appellee, while at appellant's place of business, had indulged in rude accusations against the appellant, falsely accusing him of improper relations with other women, and that at various other times, not specified, she created such a disturbance in his store as seriously to injure his business.

The appellee failed to appear to the action and was defaulted. At the trial the prosecuting attorney appeared

and resisted the petition. The only evidence introduced, other than that showing the residence of the parties, was the testimony of the appellant. The evidence on the question of the appellee's alleged adultery was almost wholly hearsay, aside from which it was not inconsistent with her innocence and was not sufficient to support a finding against her upon that charge. There was evidence of ill temper, jealousy and boisterous and unbecoming language on the part of the wife. The appellant testified to some physical violence done and attempted on him by her at his store, about five months after the separation, from which it does not appear that he was subjected to any physical injury or suffering. The appellant's own conduct and language toward the appellee, before or at the times of these outbursts of temper on the part of the wife, were but slightly shown. It appears that the first actual meeting of these parties occurred in October, and they were married on December 18 of the same year. After marriage they soon tired of each other, and a separation took place in June of the year following their marriage.

Marriage is an institution in which the public has an interest. Accordingly the law has thrown its safeguarding regulations about the contract, not only by prescribing the manner of entering upon the estate, but also by taking the sole control of the method of dissolving the bonds of matrimony. The interest of the public may further be presupposed from the statutory provision requiring the public prosecutor to appear and resist all undefended applications for a divorce. Our statutes manifestly contemplate that the court in such cases has in its care the interest of the public, along with the individual rights involved in the proceeding; and the parties must be regarded as having only rights in a large sense consistent with the public welfare. In the trial of this class of cases the court proceeds with constant reference to these particular rights; and this court,

proceeding, as it must, upon the presumption that the trial court has disposed of the application with such high sense of responsibility, will approach the question of disturbing, upon the evidence, a decision denying a divorce with a like sense of responsibility and a hesitancy peculiar to the special quality of the case.

It was said in *Ruby* v. *Ruby* (1867), 29 Ind. 174: "The contract of marriage imposes obligations of the highest legal and moral character, and should not be annulled or disturbed for slight or trivial causes; and whilst this court may exercise a supervisory control in such cases over the action of the lower courts, in cases clearly requiring it, still, where a divorce for such a cause has been refused, it should be a very clear case of an improper exercise of that power, to justify this court in reversing the judgment of the lower court."

The court may have been somewhat influenced, in determining the value of the appellant's testimony, by a consideration of his apparent hastiness in entering into, as well as a lack of appreciation of the extent of, the marriage relation, and for other reasons clearly visible and impressive to the trial court and not to be seen here.

The cause has been twice tried in the court below with the same result. Judgment affirmed.