## COOPER v. COOPER.

[No. 7,721.  Filed November 8, 1912.]

1. DIVORCE.—*Cruel and Inhuman Treatment.*—*Assailing Chastity of Wife.*—Charges of illicit sexual intercourse with other men, made by a husband against his wife in the absence of facts justifying same, constitute cruel and inhuman treatment within §1067 Burns 1908, §1032 R. S. 1881, making such treatment a cause for divorce.  p. 375.

2. DIVORCE.—*Separation.*—*Evidence.*—Where plaintiff, in an action for divorce, at the time of filing her complaint, procured an order restraining her husband from entering on her premises, and it was shown that although defendant was at her home on several occasions thereafter, he was there against the desire and wishes of plaintiff, and that she did all she could to make him go away, and she testified that they had not lived or cohabited together since the separation, the separation of the parties was sufficiently shown.  p. 375.

3. DIVORCE.—*Trial.*—*Evidence.*—In an action for divorce on the ground of cruel and inhuman treatment a letter written by plaintiff to defendant before the filing of the action, which contained nothing that in any way tended to contradict or conflict with plaintiff's evidence, or that would offer any excuse or justification for, or defense to, any of the acts of cruelty to which plaintiff or any other witness testified, was properly excluded.  p. 376.

From Hendricks Circuit Court; *James L. Clark,* Judge.

Action by Annetta Cooper against William Cooper. From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*E. M. Hornaday,* and *Salem D. Clark,* for appellant.
*Charles E. Averill,* for appellee.

HOTTEL, C. J.—This was an action for divorce. The complaint charged appellant with cruel and inhuman treatment, and specified the acts and conduct of appellant relied on as constituting such treatment. The cause was put at issue by a general denial. A trial by the court resulted in a finding for appellee, and a judgment and decree granting her a divorce, the custody of three minor children, named in the decree, and a monthly allowance for their maintenance and support.

Appellant filed a motion for a new trial, which was overruled, and this ruling presents the only error relied on in the appeal. Of the grounds of the motion for a new trial, none is presented or urged, except the insufficiency of the evidence, and error in excluding a letter admitted by appellee to have been written by her and sent to appellant some eight or nine years before the filing of her complaint.

As one of the acts constituting cruel and inhuman treatment, it is averred in the complaint that appellant "habitually charged plaintiff with having sexual illicit intercourse with other men". It has been expressly held by the Supreme Court that such an imputation by the husband against the character and chastity of the wife, whose reputation it is his duty to support and defend, when made in the absence of facts justifying the same, will cause such mental pain, shame and humiliation on the part of an innocent and sensitive wife as will constitute "cruel and inhuman treatment" within the meaning of the statute making such treatment a cause for divorce. *Shores* v. *Shores* (1864), 23 Ind. 546; *Graft* v. *Graft* (1881), 76 Ind. 136; *Eastes* v. *Eastes* (1881), 79 Ind. 363, 371; *Massey* v. *Massey* (1907), 40 Ind. App. 407, 410, 80 N. E. 977, 81 N. E. 732.

We have examined the evidence in the case with care, and find that this specification of cruel treatment, as well as others, were abundantly supported by the evidence. In fact, we do not understand that appellant is seriously contending that the charge of cruel treatment did not have sufficient evidence for its support, but it is insisted that the proof fails to show a separation at the time of the filing of the suit.

The complaint avers in substance that the house in which appellant and appellee were living at the time of the separation was owned by appellee and was in her name; that appellant after the separation refused to leave said house, and threatened to remain therein, and to

take appellee's life. On such averments the appellee, when she filed her complaint, procured a temporary restraining order, restraining appellant from entering on said premises. While it is true that the evidence shows that appellant, on several occasions was at appellee's house after said separation and suit, he was there against the desire and wishes of appellee, and she on each occasion did all she could to get him to go away and leave her alone, and refused to allow him to stay in the house overnight, threatening to leave if he remained. She testified positively that since their separation she had not lived or cohabited with appellant. There was sufficient evidence to sustain the decision of the trial court.

We have read the letter which the trial court refused to admit in evidence, the exclusion of which constitutes the other grounds of the motion for a new trial relied on,

3. and even if it had been so recently written that it could have any connection with any of the matters inquired about in appellee's examination in chief, we find nothing therein that in anyway tends to contradict or conflict with her evidence. Nor, can it be said that there is anything in it that would offer any excuse or justification for, or defense to, any of the acts of cruelty to which appellee or any other witness testified. The letter was therefore properly excluded.

We find no error in the record.

Judgment affirmed.

NOTE.—Reported in 99 N. E. 782. See, also, under (1) 14 Cyc. 606; (3) 14 Cyc. 685. As to the false charge of adultery or unchastity as cruelty for which divorce will be granted, see 65 Am. St. 80. Making charges of adultery as ground for divorce, see 18 L. R. A. (N. S.) 300. For a discussion of the necessity of personal violence to constitute cruelty warranting a divorce, see 9 Ann. Cas. 1090.