## Eward v. Eward.

[No. 10,334.    Filed December 19, 1919.    Rehearing denied February 26, 1920.]

1. DIVORCE.—*Suit Money.*—*Application to Appellate Court.*—An application for an allowance of suit money cannot be presented to the Appellate Court in the first instance, since there is no statute authorizing that court to make such an allowance.    p. 642.

2. APPEAL.—*Briefs.*—*Amending.*—*Review.*—Where, after objection to his brief on account of noncompliance with rules of court, appellant has, by leave of court, filed an amended or supple-

mental brief to meet the objections, which, with the original brief, shows a good-faith effort to comply with the rules of court, and taken together are sufficient to enable the Appellate Court to determine the matters in controversy, the appeal will be decided upon its merits.   p. 642.

3.   DIVORCE.—*Parties.—Public.*—In appeals ·in divorce cases there are three parties in interest, the appellant, the appellee and the public.   p. 642.

4.   DIVORCE.—*Appeal.—Reviewing Evidence.*—In appeals in divorce cases the evidence will be reviewed to determine whether the uncontradicted facts present a legal ground for divorce.   p. 642.

5.   DIVORCE.—*Collateral Issues.—Determination.—Effect.*—In a divorce case a finding that the wife was a proper person to have custody of a ten-year-old child, after evidence of adultery on her part, is by implication a finding of not guilty of adultery though the husband be granted a divorce, adultery not being charged as a ground for divorce.   p. 645.

6.   DIVORCE.—*Cruel and Inhuman Treatment.—False Charge of Adultery.*—Where a husband during the trial of a suit by him for divorce charges his wife with adultery, both inside and outside the courtroom, and marshals witnesses to prove such charge on an issue as to the custody of a child though he had not pleaded it as a ground for divorce, and had so accused her in the presence of their little daughter, a finding amounting to an acquittal of the wife of such charge shows the husband to have been guilty of cruel and inhuman treatment in making a false charge of adultery against his wife.   p. 645.

7.   DIVORCE.—*Clean Hands.—Applicant Guilty of Ground for Divorce.*—The applicant for a divorce must be innocent as well as the injured party, and if he is liable to a charge which is ground for divorce, he cannot obtain one, though his wife may have misconducted herself.   p. 646.

8.   DIVORCE.—*Duty of Court.—Appeal.*—It being the duty of the trial court, representing the state as an interested party, to elicit the facts and grant or withhold a decree of divorce accordingly, the Appellate Court will reverse a decree as contrary to law, where the record shows the successful party guilty of a ground for divorce.   p. 646.

From Decatur Circuit Court; *Ralph E. Spaugh,* Special Judge.

Action by Clifford Eward against Ruby Eward.

From a judgment for plaintiff, the defendant appeals. *Reversed.*

*John F. Goddard, Edgar E. Hite, Hugh Wickens, John E. Osborn* and *Frank Hamilton,* for appellant.

*George L. Tremain* and *Rollin A. Turner,* for appellee.

NICHOLS, C. J.—This is an action by appellee against appellant for divorce. The complaint is in two paragraphs, the first averring in substance that appellee and appellant were married March 1, 1905, and lived together as husband and wife until January 31, 1917, at which time they separated, and have not since lived together; that appellant was guilty of cruel and inhuman treatment in this: She repeatedly told appellant and others that she did not love him; that she ordered him to leave home and told him that she did not want anything to do with him; that his mother and family were ignorant and had "no sense"; that, for more than .... months before their separation, she refused to occupy the same bed with him and informed him that she had no affection or love for him; that she left him alone on his farm without making any preparation for his food and comfort, and that he was compelled to, and did, prepare his own food and make his own bed and care for his room for months, though his wife was physically able so to do; that by reason of such cruel treatment he became ill in December, 1916, and was confined to his bed; that during such illness appellant refused to let his mother and relatives visit him; that she said to appellee and others that she was not responsible for his sickness, and "let him die"; that during such sickness she cruelly and falsely charged

that appellee had lost his mind, and should be sent to the insane hospital, and that she sought to have him committed to such a hospital; that by reason of such cruel treatment he suffered great physical and mental anguish, and was compelled to, and did, leave his own home and go to his mother's home in the city of Greensburg; that there is one child, a daughter, Frances, who is ten years old, and appellant is not a fit and proper person to have her care and custody. The second paragraph of complaint is substantially the same as the first, with the additional charge therein that prior to the separation, and without appellee's knowledge, appellant was using intoxicating liquors to excess.

Appellant answered by a general denial, and the cause was submitted to the court for trial. There was a finding for appellee that he should have a divorce, that appellant was a proper person to have the care and custody of Frances, child and issue of the marriage, that appellant was not entitled to any alimony, and that there should be an allowance to appellant of $80 per month for the care, support, maintenance and medical attention of said child. There was a judgment and decree accordingly, from which, after motion for a new trial was overruled, appellant now appeals.

The error assigned by appellant which is here considered is that the court erred in overruling her motion for a new trial. The motion contains forty-three specifications of error, of which but two are statutory grounds for a new trial, to wit: That the decision of the court is contrary to law, and that the decision of the court is not sustained by sufficient evidence.

Appellant has filed in this court her application for

an allowance for suit money including her expenses in prosecuting the appeal, and the support of herself and child during the pendency of such appeal. We are of the opinion that this appli-

1.

cation must be denied. There is no statute in this state authorizing the making of such an allowance in this court. Whether there was necessity for such an allowance, or for temporary alimony is a question within the sound discretion of the trial court, and cannot be presented to this court except by appeal from the court's decision on that question. *Kesler* v. *Kesler* (1872), 39 Ind. 153; *Snider* v. *Snider* (1913), 179 Ind. 583, 102 N. E. 32.

Appellee insists that appellant's brief is not sufficient to present any question to this court because appellant has not complied with Rule 22, clause 5, in the preparation thereof. After appellee's

2.

objection to the brief, appellant has, by leave of the court, filed an amended or supplemental brief to meet appellee's objection to the original brief. We hold that appellant's original brief, with her amended or supplemental brief, shows a good-faith effort to comply with the rules of this court, and we are able therefrom to determine the matters in controversy. The case will be decided upon its merits.

The record in this case contains 700 pages, and the evidence therein is very contradictory. It would be wholly unprofitable for the court to enter

3-4.

into its details, and we are not required so to do for the purpose of this decision. We are not unmindful of the rule that where there is a conflict of evidence this court will not weigh the evidence, but, where there is some evidence sustaining the trial court, that court's decision will not be reviewed. In

divorce cases, however, there are three parties in interest—the appellant, the appellee and the public. The court has the responsibility of looking after the interests of society, as well as of the individual rights of the parties involved, and, while the court will not weigh the conflicting evidence for the purpose of determining the preponderance, it will review the evidence to determine whether the uncontradicted facts present a legal ground for divorce. 14 Cyc 734; *Bacon* v. *Bacon* (1909), 43 Ind. App. 218, 86 N. E. 1030.

It appears by the evidence that appellee and appellant were married March 1, 1905, and lived together continuously as husband and wife until in January, 1917, upon their farm located about four miles from the city of Greensburg, Indiana; that during all of this time she performed her household duties without the assistance of a domestic, there being some question as to whether they had at all times been well performed, and that she assisted in the farm work and in delivering the products of the farm to the market from time to time as her husband had need of her services. A child named Frances was born to them, who, at the time of the commencement of the divorce proceedings, was about ten years of age. While appellant was nursing this child, with the advice of her physician, or at least with his consent, and with the knowledge and consent of appellee, she commenced the use of beer to stimulate her while she was so caring for her child. She, at the time, weighed ninety-five pounds. She continued the use of beer from time to time during her married life, adding thereto later the use of wines and whisky, and there is contention on the part of the appellant that eventually she used these intoxicants to excess. In

January, 1916, appellant had a pulmonary hemorrhage, and upon the advice of her physician drank port wines between meals, which fact was known to the appellee. In October thereafter she had another such hemorrhage, and about November 21, 1916, she was again sick and under the care of a physician. Because of her condition, the husband was much concerned and contemplated the propriety of taking her away for her health, and so expressed himself to others at the time. Appellee stated that appellant was no better in December, 1916, and that she was very sick and in a nervous condition. In January, 1917, she had a nurse to care for her. Appellant was, previously to her marriage, a school teacher, and after her marriage to the appellee, who was illiterate, it seems to have devolved upon her to look after the business management of the appellee's affairs. There is some question as to whether she did this well, but, so far as we have been able to determine from the evidence, no objection was made as to the manner of conducting such business until about the time of the separation. Appellee purchased a Cadillac automobile, which was used extensively by appellant, without objection from appellee, in performing errands, taking the child to and from school, and for such purposes as were necessary, as well as for the pleasure of the appellant. There seems to have been no objection on the part of the appellee to this use of the machine, but at the trial it seems to have been charged as the occasion of her neglect of marital duties. There is much controversy as to the value of appellee's estate at the time of the separation and at the time of the trial, appellant claiming that the estate had a net value of $43,600 at the time of the trial,

while appellee contends that the net value of the estate at the time of the separation was but $4,000. Between the time of the separation and of the trial, his estate was considerably augmented by the death of his mother from whom he inherited. It will be noted that no provision was made in the way of alimony for appellant. The one charge made by appellee against appellant as his ground for divorce was that she was guilty of cruel and inhuman treatment, the specifications thereof being contained in the complaint as hereinbefore set out.

At the trial of the cause appellee was permitted, over the objection of appellant, to give in evidence adulterous conduct of appellant with one Jackson, who was a neighbor, and who was frequently at the home of appellant and appellee and with whom the husband frequently exchanged farm work, and with whom he consulted from time to time with reference to the business management of the farm. Appellee testified that he made no complaint to his wife before separation of any improper conduct with said Jackson. There was no paragraph of complaint charging appellant with adultery with said Jackson, or with any other man, but such evidence was admitted by the court for the sole and only purpose of determining whether appellant was a fit and proper person to have the care and custody of the child of appellant and appellee. It could have been heard for no other purpose. Adultery is a separate statutory ground for divorce and, in order that such a ground may be proved, it must be alleged. After hearing the evidence of the adultery of appellant, the court found that she was a fit and proper person to have the care and custody of the child,

thus finding by clear implication that she was not guilty of the charge of adultery, and that appellee's charge against her was false. Appellee had made this charge not only in the court room but outside, and had marshaled witnesses in his efforts to prove her an adulteress, though he did not plead such an offense. He had even so accused the mother when talking with the little girl. Appellee was guilty of the statutory offense of cruel and inhuman treatment in making this false charge against his wife. *Graft* v. *Graft* (1881), 76 Ind. 136; *Stewart* v. *Stewart* (1911), 175 Ind. 412, 94 N. E. 564; *Massey* v. *Massey* (1907), 40 Ind. App. 407, 410, 419, 80 N. E. 977, 81 N. E. 732; *Cooper* v. *Cooper* (1912), 51 Ind. App. 374, 99 N. E. 782.

We do not weigh the evidence as to appellant's cruel treatment, nor do we disturb the finding of the court upon the weight of such evidence. In 7-8. order that the appellee may prevail in this suit, he must not only be the injured party, but also the innocent party, for divorce is a remedy provided for the innocent party, and, if such party himself is guilty of a statutory offense, he cannot prevail. Stewart, Marriage and Divorce §314. Where the party asking for divorce is liable to a charge which is a cause for divorce, it will prevent him from obtaining such a divorce, although the wife may have misconducted herself. *Wheeler* v. *Wheeler* (1889), 18 Ore. 261, 24 Pac. 900; *Lawlor* v. *Lawlor* (1898), 76 Mo. App. 637; *Beckley* v. *Beckley* (1892), 23 Ore. 226, 31 Pac. 470; *Morrison* v. *Morrison* (1887), 64 Mich. 53, 30 N. W. 903; *Alexander* v. *Alexander* (1894), 140 Ind. 555, 38 N. E. 855; *Eikenbury* v. *Eikenbury* (1904), 33 Ind. App. 69, 70 N. E. 837. In the

last case cited it is held that the trial court not only had the right, but, representing the state as an interested party, it was its duty to elicit the facts and to grant or withhold the decree accordingly. With the facts in this case, and with these decisions before us, we must hold that the decision of the court granting the divorce to appellee was contrary to law. *Bosseker* v. *Cramer* (1862), 18 Ind. 44.

The judgment is reversed, with instructions to the trial court to grant a new trial.