## McMurrey *v.* McMurrey.

[No. 26,717.  Filed November 16, 1936.]

*A. W. Kops, R. E. Noelker* and *Paul A. Holdt,* for appellant.

*Creigmile & Creigmile,* for appellee.

Hughes, C. J.—This is an appeal from a judgment granting a divorce in favor of the appellee. The appellant assigns error in the overruling of her motion for a new trial in which she contends that the decision was

contrary to law and not sustained by sufficient evidence.

The first contention of the appellant is that the appellee, plaintiff below, failed to prove that he had been a bona fide resident of Indiana for one year previous to the filing of his complaint and a bona fide resident of the county six months immediately preceding the filing of his complaint. It is not denied by appellant that there was some evidence to sustain proof of residence and the most that can be said by appellant is that there is some conflict in the evidence upon this proposition. There is evidence to sustain the finding and judgment of the lower court upon this proposition, and, where such is the case, this court will not disturb the finding and judgment. As said in the case of *Blauser* v. *Blauser* (1909), 44 Ind. App. 117, 118, 87 N. E. 152: "But no express or formal proof in support thereof is necessary (*Maxwell* v. *Maxwell* [1876], 53 Ind. 363), so long as the qualifications of the required number of witnesses are clearly shown, and their testimony, with proper inferences and presumptions that arise therefrom with regard to the residence, is sufficient fully to prove to the court that the requirement of the foregoing sections are fulfilled. The testimony of the two witnesses called in this case sufficiently meet the test, and we can not say that the court erred in considering it sufficient and satisfactory."

It is next contended that the appellee was guilty of a statutory offense, to wit: adultery, and for this reason he was not entitled to a decree of divorce. It is true, as stated in *Alexander* v. *Alexander* (1894), 140 Ind. 555, 559, 38 N. E. 855, that: "Where each of the married parties has committed a matrimonial offense, which is a cause for divorce, so that when one asks for this remedy, the other is equally entitled to the same, whether the offenses are the same or not, the court can grant the prayer of neither.'" In the

instant case the appellee, plaintiff below, in his second paragraph of complaint alleged that the appellant, defendant below, was guilty of adultery and the appellant filed an answer alleging that the appellee was guilty of adultery. The court found for appellee on his first paragraph of complaint which alleged cruel and inhuman treatment and, at least, impliedly found that appellant was not guilty of adultery as alleged in the second paragraph of complaint. And by finding for the appellee it also impliedly found that appellee was not guilty of adultery, else it would not have granted a divorce to appellee.

It was the duty of the court to hear and weigh the evidence submitted upon both paragraphs of the complaint and the answers thereto. This was done and the court evidently found that the evidence submitted on the second paragraph of defendant's answer charging adultery did not sustain the same. The evidence submitted on this proposition sustains the finding of the court. It was the lower court's duty to weigh the evidence, and it is not now this court's duty.

It is asserted by appellant that the appellee was guilty of cruel and inhuman treatment because he filed a second paragraph of complaint alleging adultery on the part of appellant, and she contends that, as the divorce was granted to appellee on the grounds of cruel and inhuman treatment, as alleged in the first paragraph of complaint, the court by implication found that she was not guilty of adultery. Appellant relies upon the case of *Eward* v. *Eward* (1920), 72 Ind. App. 638, 125 N. E. 468, to support the foregoing contention.

In the Eward case, there was no charge in the complaint of adultery, but evidence was introduced to show, or tending to show, adulterous conduct on the part of appellant for the sole purpose of determining whether

or not appellant was a fit and proper person to have the care and custody of the child of appellant and appellee. It is said in that case (p. 645):

> "After hearing the evidence of the adultery of appellant, the court found that she was a fit and proper person to have the care and custody of the child, thus finding by clear implication that she was not guilty of the charge of adultery, and that appellee's charge against her was false. . . . Appellee was guilty of the statutory offense of cruel and inhuman treatment in making this false charge against his wife."

We cannot approve the reason and conclusion reached in this case. It does not necessarily follow because the court found that appellant was a fit and proper person to have the custody of her child that this was a finding by "clear implication" that she was not guilty of adultery. Notwithstanding that appellant may have been guilty of adultery, yet the court, in its discretion, may have thought that under all the circumstances and conditions, the mother was a fit and proper person to have the custody of the child. A mother, as well as a father, may sometime sin; she may break the Sixth Commandment, but this fact alone, as a matter of law, does not necessarily make her an unfit and improper person to have the custody of her child. There are many things for a court to take into consideration when awarding the custody of a child to either mother or father; and when, in the Eward case, the court awarded the custody of the child to the mother, it could not in itself amount to a finding that she was not guilty of adultery.

Moreover, in the Eward case, there was a clear weighing of the evidence by the Appellate Court, notwithstanding its insistence that it did not, and that it was not its duty to weigh the evidence.

The Eward case lends some support to the contention of appellant that appellee was guilty of cruel and in-

human treatment, because he filed a second paragraph of complaint charging adultery, but recovered only on his first paragraph charging cruelty and inhuman treatment. This is not the law. A party may in his pleading state in separate and distinct paragraphs as many distinct causes of action as he may think he has, and he cannot be penalized if he fails to make proof on any particular one. The statute gives him the right to file separate and distinct paragraphs of complaint, §2-1006, Burns' Ind. St. 1933, §109, Baldwin's 1934; and it would be a strange construction to hold that, if one in a divorce action filed a paragraph charging adultery and failed to prove the charge, or, if the court granted the divorce on another paragraph charging cruelty and inhuman treatment and made no finding on the adultery charge, he would then be guilty of cruel and inhuman treatment. In our judgment, the case of *Eward* v. *Eward, supra,* does not state the law correctly, and we disapprove of the same.

The finding and judgment is sustained by sufficient evidence, and is not contrary to law.

Judgment affirmed.