## DIMMETT *v.* DIMMETT.

[No. 18,601. Filed December 7, 1954.]

James D. Lopp and John D. Clouse, of Evansville, for appellant.

Roberts & Roberts, of Evansville, for appellee.

CRUMPACKER, J.—The appellee was granted an absolute divorce from the appellant as the result of proceedings instituted by him in the Vanderburgh Superior Court. He sought to establish his right to sue in said court by proof that the appellant, his then wife, was and had been a resident of Vanderburgh County for six months and the State of Indiana for one year immediately preceding the filing of his petition for divorce as provided by §3-1203, Burns' 1946 Replacement (Supp.).

The appellant contends that the evidence offered for this purpose falls short of the statutory requirements and is therefore insufficient to sustain the court's decision. An examination of the evidence on the subject discloses that one Lena Lane, a married woman, living with her husband and maintaining a household in Vanderburgh County, testified that she has known the

appellant for about five years and that for a year prior to November 6, 1953, the date the appellee filed his petition for divorce, the said appellant had lived continuously in Vanderburgh County, Indiana. Her testimony was weakened somewhat on cross-examination when she said that she did not know of her own knowledge that the appellant lived there on November 6, 1953, but had "seen her there on her porch" six weeks prior thereto. Guy T. Griggs testified that he is a householder and lives next door to the appellant and that on November 6, 1953, and for more than one year prior thereto she was a resident of Vanderburgh County, Indiana. On cross-examination he said, "as far as knowing Mrs. Dimmett's residence for one year prior to November 6, 1953, I couldn't swear to it too much. As far as knowing on November 6, 1953, where her residence had been for the last year, I don't know that much about my neighbors. I saw her quite frequently during that year on week ends as at other times I was not at home during the day."

In considering the testimony of residence witnesses all proper inferences may be given due weight, *Blauser* v. *Blauser* (1909), 44 Ind. App. 117, 87 N. E. 152, and under the statute, §3-1203, *supra*, it was only necessary for the appellee to *satisfy the trial court* by two qualified witnesses that the appellant had been a *bona fide* resident of Vanderburgh County and the State of Indiana for the required length of time. *Wharton* v. *Wharton* (1941), 218 Ind. 345, 32 N. E. 2d 695. Indulging proper inferences, it is our opinion that both Lena Lane and Guy T. Griggs were qualified witnesses and their testimony, it is evident, satisfied the trial court as to the residence of the appellant within said county and state for a period of time sufficient to meet statutory demands. There being

some evidence in the record to support such finding, we cannot disturb the judgment for insufficiency of evidence on that issue. *McMurrey* v. *McMurrey* (1936), 210 Ind. 595, 4 N. E. 2d 540.

The appellant next contends that the evidence fails to sustain the charge of cruel and inhuman treatment upon which the case was tried and divorce granted. We see no need of reciting the evidence in detail. The appellee was a man 75 years of age when he married the appellant. He is of meager means and worried a great deal over his wife's extravagance and protested that such conduct was jeopardizing their future economic security. Her indifference to and disregard of these protests lead to frequent quarrels and on three occasions she locked him out of the house in which they lived. On one occasion she pushed him out the front door in the presence of a neighbor and at all times her conduct toward him was domineering and demanding. Under the circumstances of the case we think the court had evidence before it sufficient to support its decree.

Judgment affirmed.

NOTE.—Reported in 122 N. E. 2d 883.