CAROL LEE MARSICO *v.* WILLIAM J. MARSICO.

[No. 372A136. Filed December 12, 1972.]

438

*Ford, Hensley and Todd,* of Madison, for appellant.

*Schnaitter and Leininger,* of Madison, for appellee.

ROBERTSON, P.J.—The appellee, William J. Marsico (plaintiff) was granted a divorce from the appellee, Carol L. Marsico (defendant). The decree, *inter alia,* gave plaintiff the divorce. Defendant was awarded custody of the then two and one-half year old daughter, with the plaintiff required to pay $125 per month child support. Reasonable visitation rights and custody for a two week period in the summer were provided for the plaintiff. Alimony in the sum of $300 per year, for a period of 11 years, was granted to the defendant. The court further provided that the alimony is not payable in any year in which the defendant did not allow the two week visitation to the plaintiff.

The defendant raises four errors. The first is that the divorce was granted upon the uncorroborated evidence of the plaintiff. The remaining three allege an abuse of discretion by the trial court granting an inadequate amount of child support, in granting the visitation rights as previously indicated, and making the annual alimony payment contingent upon the two week period of visitation.

We are of the opinion that none of these present reversible error.

The defendant espouses the theory that corroborative testimony, when available, should be required in granting of divorces, especially as it pertains to grounds for divorce and child custody. The record shows that the only testimony in

this case, aside from the two residence witnesses, came from the plaintiff and the defendant.

The defendant cites us to the cases of *Eward* v. *Eward* (1920), 72 Ind. App. 638, 125 N.E. 468, and *Nelson* v. *Nelson* (1954), 233 Ind. 603, 121 N.E.2d 883, for authority tending to point towards a requirement of requiring corroborative evidence in divorce cases. (See *Mc-Murrey* v. *McMurrey* (1936), 210 Ind. 595, 4 N.E.2d 540, for criticism of the *Eward* case, *supra.*) Cases of this relatively old age are suspect as primary authority in many areas of divorce law because of the steady progression of change, both by the courts and the legislature, away from the "more strict" construction of prior years.

Counsel for the defendant recognizes a portion of the changing status of divorce law and in a well reasoned argument says that the decreasing importance of the "fault" or "guilt" concept, as demonstrated by *O'Connor* v. *O'Connor* (1968), 253 Ind. 295, 253 N.E.2d 250, all the more requires corroborating evidence to insure a proper decision by the trial court and to protect the interests of the State in the marriage relationship. We see nothing to prevent a trial judge, in the exercise of his inherent powers, to call for more evidence should he determine it necessary for a just and proper decision. In any event, we are of the opinion that the *Eward* and *Nelson* cases, *supra,* only say that there may be situations in which the trial judge may err if he does not require some corroborating evidence. We do not, therefore, see fit to modify the traditional role of the trial judge trying a divorce case in seeing the witnesses, hearing their testimony, and then determining the case accordingly.

The framework within which we must view the three remaining allegations of error dealing with an abuse of discretion has been defined thusly:

"We will not weigh the evidence, but will consider it in a light most favorable to the appellee. The decision of

the trial court, relative to property rights, alimony, and other allowances are reviewable for a determination of an abuse of judicial discretion, and for that purpose only. The judicial discretion in a case of this nature is an exercise of official conscience, not arbitrarily, willfully, or passionately exercised, but based upon the facts and circumstances of the particular case with regard to what is right and equitable under the applicable law and to the end of a just result. The appellant's responsibility is to show a clear abuse of judicial discretion. (Citing authorities). The fact that circumstances would have justified a different result by another trial court than that reached by the trial court in this case does not warrant this court in substituting its judgment for that of this trial court. (Citing authority)." *Boshonig* v. *Boshonig* (1971), 148 Ind. App. 496, 267 N.E.2d 555, at 556, 557.

That portion of the divorce decree dealing with visitation reads:

". . . the defendant should have the custody of Mary Marsico, age 2, born December 15, 1968, minor child of the parties hereto subject to reasonable rights of visitation on the part of the plaintiff and further subject to plaintiff's having the custody of said child for and during a two week period during the months of June, July or August each year beginning with the year 1971, said custody to be at a time mutually agreeable to the parties hereto. . . ."

The evidence shows that the defendant now lives in Scranton, Pennsylvania, and the plaintiff in Madison, Indiana. It is contended by the defendant that the two-week visitation concerning a two and one-half year old girl with the great distances involved, coupled with the fact that the child is a stranger in her father's home, will have a harmful effect upon the child. This, on the face of the record, demonstrates an abuse of discretion by the court, says the defendant. Plaintiff counters that such is not necessarily the situation, because his parents live in proximity to the defendant's current residence and such travel may not be necessary.

In each instance the argument and counter-argument exists.

We point this out to demonstrate the fact that most of the argument made on both sides is of such speculative and conjectural quality that we cannot say, as a matter of law, that the trial court abused his discretion. We would interpose by way of a rhetorical question, what else, short of a complete denial of visitation to the plaintiff, could the trial judge do? There is no showing that the plaintiff was unfit for visitation. The portion of the decree dealing with visitation has the desirous quality of flexibility for the convenience of all concerned. There are no firm standards which require the child to travel or to be in the plaintiff's home, although it could be that such may be the case. There is no showing that the child requires any special treatment such as medical care, which would prevent being away from the mother for short periods. It would also be fair to assume that as the child matures many of the objections set out by the defendant would disappear if they in fact existed in the first place.

There is a theme in defendant's arguments directed to the alleged abuse of discretion of the trial court's decision on visitation that compliance with the decree will result in inconvenience and harshness to the parties as well as the child. We note that this is not an unusual result in cases of this type where compliance with the directives of a divorce decree rests solely upon the letter of the law. Utilization of the personal qualities of common sense and good manners, if they are possessed by the parties, far surpass any effort by a court to create a minimum standard of conduct in determining the character of the post divorce relationship, not between former husband and wife, but between mother and father.

We recognize and approve defendant's authorities which state the best interests of the child is paramount. *Cornwell* v. *Cornwell* (1940), 108 Ind. App. 350, 29 N.E.2d 317; *Watkins* v. *Watkins* (1943), 221 Ind. 293, 47 N.E.2d 606. We are of the opinion that allowing a child

to visit its father, under the facts of this case, takes the best interests of the child into consideration.

Turning our attention to the alleged inadequate amount of support, we find the following to be the controlling law:

"No settled rule can be invoked to control the discretion of the court in granting support for the children in a divorce action. (Citing authority). The amount of support is based on the necessities considering the station in life of the parties and the particular facts and circumstances in the case, including the amount of the husband's property and his ability to earn money. (Citing authority). While the discretion of the trial court in matters relative to the support of minor children in the divorce proceeding is a judicial one and subject to review, the determination of the court below will not be disturbed or interfered with on appeal unless an abuse of discretion is clearly shown. (Citing authority). In reviewing a judgment as to support of children, the reviewing court will make every reasonable presumption in favor of the acts of the trial court. (Citing authority)". *Dragoo* v. *Dragoo* (1962), 133 Ind. App. 394, 182 N.E.2d 434, at 438.

A substantial percentage of the total testimony was directed at determining the plaintiff's wages, and it turned out to be slightly over $10,000 per year gross, and slightly over $8000 per year take home pay. We are of the opinion that child support in the sum of $1500 per year (payable at $125 per month) is not an abuse of discretion under the facts of this case.

The remaining allegation of error is directed to the inadequacy as well as the Damoclean effect of the conditional alimony. The decree of divorce provides:

". . . that as a condition to the payment of said alimony by plaintiff to defendant each year that plaintiff shall have had said minor child of the parties hereto in his custody for the two week period as provided hereinabove or shall have been prevented from having custody by said defendant and no alimony payment shall be due and payable as provided herein if defendant has not allowed plaintiff to have the custody of said child for such two week period in June, July or August of each year as provided hereinabove."

The judge's responsibility is statutorily defined as, "The courts shall fix the amount of alimony and shall enter a judgment for such sum, and specify the character and method of payment, which in his discretion he deems to be just and proper under all of the evidence. . . ." IC 31-1-12-17, Ind. Ann. Stat. § 3-1218 (Burns 1968). The statute continues into more specific language, none of which fetters the foregoing quote.

The defendant characterizes the condition imposed upon the alimony as "a whip to punish the defendant for not allowing visitation." We are of the opinion that such a view could be understood as a predisposed attitude of non-compliance upon the defendant's part. It should be remembered that the condition imposes no further restriction upon the defendant for she is legally (and morally) bound to allow visitation in any event. We would be prone to view the condition, under the facts of the instant case, as an incentive to non-contemptuous conduct, hopefully helping to relieve the court of the necessity of invoking its sanctions in the event of a willful failure to comply with its orders.

Defendant further contends that such a restriction on the alimony is offensive to the traditional concepts of alimony,  and this may be true. However, as we read the authorities, we find no prohibition to the concept as applied by the trial court.

Insofar as the inadequacy of the alimony is concerned, we find no conflict with the amount awarded in this case and the authorities cited by the defendant. (For a summary of various guidelines, see *Boshonig* v. *Boshonig, supra,* and *Bahre* v. *Bahre* (1962), 113 Ind. App. 567, 181 N.E.2d 639).

Having found no reversible error we affirm the judgment of the trial court.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 290 N.E.2d 99.