## Ritter *v.* Ritter.

That part of the statute regulating divorces, which, after the enumeration of specific causes of divorce, enacts, that the Circuit Courts shall have power to grant divorces "for any other cause, and in any other case, where the Court, in their discretion, shall consider it reasonable and proper that a divorce should be granted,"—is not unconstitutional.

The discretion which the Circuit Courts are to exercise under that part of the statute above referred to, is subject to the revision of the Supreme Court on appeal or writ of error.

*Tuesday, May 21.*

ERROR to the *St. Joseph* Circuit Court.

Dewey, J.—This was a libel for a divorce. The petitioner *David Ritter*, after stating his marriage with *Mary*

May Term, 1839.

RITTER v. RITTER.

*Smith*, alleged that at the time the ceremony took place she was pregnant by one *A. H.*; that the petitioner discovered her situation the night subsequent to that of the wedding, of which he had no previous knowledge or suspicion; that *A. H.* fraudulently and clandestinely assisted in effecting the marriage; that so soon as the petitioner ascertained the imposition which had been practised upon him, he left his wife with the intention of final abandonment; and that he had not associated with her since.

Process was served upon the defendant, but she did not appear.

The evidence adduced by the petitioner fully sustained the allegations of the libel; but the Circuit Court refused to grant a divorce, and dismissed the libel at the cost of the petitioner; he excepted, and now prosecutes this writ of error.

The petition is founded upon that part of the act regulating divorces, which, after the enumeration of specific causes of divorce, enacts that the Circuit Courts shall have power to grant divorces "for any other cause, and in any other case, where the Court, in their discretion, shall consider it reasonable and proper that a divorce should be granted." R. C. 1831, p. 213.

It is contended that this clause is unconstitutional, because its object is to vest the Circuit Courts with legislative power.

We are not satisfied that this objection is well founded. There is certainly a difference between a discretionary power in a Court, so undefined as to render its principles of decision in each case as it may arise very vague and loose, and an authority to prescribe a rule for the regulation of other cases. Indeed, such a discretion is quite as apt to introduce a state of things just the reverse of that certainty which arises from well defined precepts of law, as it is to prescribe a rule of conduct for the government of the community.

The right of the legislature to pass a general law of divorce cannot be questioned. 2 Kent's Comm. 107. And if it be admitted that such a law, to be valid, must require some cause for the dissolution of the marriage contract to exist, the causes specified may be so numerous and various, or they may be so general—as barbarous treatment, immoral conduct, &c., as to allow the Courts a latitude equal to that

given them by the discretionary power conferred by the statute in question.

That power, ample as it may be, is not entirely without limits. The statute requires a *cause* of divorce, on which the discretion of the Court is to be exercised. The conclusion of the judgment that that cause is reasonable, and such a one as forfeits the marriage contract on the part of the wrong-doer, or otherwise, is not an act of legislation. It prescribes no rule. It is the decision of the understanding upon the character of facts presented for its deliberation; that decision once made, the discretion of the Court ends, and the sentence of the law granting or refusing a divorce, as the cause has been deemed reasonable or unreasonable, must be pronounced.

There is yet another check upon this discretion. Like all discretionary power in Courts, it must be exercised in a sound and legal manner; it must not be governed by caprice or prejudice, or wild and visionary notions with regard to the marriage institution, but should be so directed as to conduce to domestic harmony, and the peace and morality of society. It must be conformable to the common sense and feeling of the community. The application of such a standard to an alleged cause of divorce in a particular case, is not the enactment of a law.

We do not feel authorised to pronounce that part of the statute of divorces which is under consideration, unconstitutional.

It is also contended that, admitting it to be valid, the discretion which the Circuit Courts are to exercise under it, is not subject to the revision of this Court by writ of error or appeal.

We do not concur with this opinion. The jurisdiction of the Supreme Court extends to all final judgments and decrees rendered by the Circuit Courts, with certain exceptions which do not include cases of divorce.

We see nothing in the nature of these cases, which inclines us to believe that they were not designed to be embraced in the general revisory power of this Court. On the contrary, we think there is good reason why they should not be excluded. The tendency of the ample discretion given to the Circuit Courts over divorces, is to introduce a diversity

of decision in the several circuits. There is no remedy for this evil, unless it lies in the appellate jurisdiction of this Court; and we do not believe the legislature designed that such an evil should be without a remedy.

However little we may feel disposed, in general, to disturb the decisions of the Circuit Courts respecting divorces for causes not specified by the statute, we cannot contemplate the case presented by the record without coming to the conclusion, that in refusing the divorce the Court did not exercise its discretion in a sound and legal manner, having due regard to the rights of the injured party, and the purity of public morals.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the defendant's default set aside. Cause remanded, &c.

*J. A. Liston*, for the plaintiff.

*W. Quarles*, for the defendant.