GULLETT *v.* GULLETT.

25 517
140 557

DIVORCE.—Upon the trial of a suit for divorce, where the defendant had filed a cross-petition, the court found that a divorce ought to be granted, "not upon the application of either party, but upon the whole case."

*Held,* that under the statute a divorce can only be granted upon the application of the injured party, and a finding in favor of one party, and against the other, is necessary to authorize a divorce.

APPEAL from the *Carroll* Common Pleas.

FRAZER, C. J.—This was a divorce case. There was a cross-petition, also praying a divorce. The finding of the court was that a divorce ought to be granted, "not upon the application of either party, but upon the whole case," and there was a decree dissolving the marriage, and a judgment against the plaintiff for costs. The defendant appeals. Was the decree proper upon the finding?

The following provisions of the divorce act bear upon the question before us: "Sec. 7. Divorces shall be decreed upon the application of the injured party." &c. 2 G. & H., 350.

Sec. 14. "In addition to an answer the defendant may file a cross-petition for divorce, and when filed the court shall decree the divorce to the party legally entitled to the same." *Id.* 352.

Sec. 23. "The divorce of one party shall fully dissolve the marriage contract as to both." *Id.* 354.

It will be seen that a divorce can only be decreed "upon the application of the injured party." A finding in favor of one party, and against the other, is necessary therefore to give authority to the court to decree a divorce. The court, in the case before us, had no finding upon which to base the decree. The statute has not invested our courts with power to decree a divorce merely upon the notion that the parties should be separated, for some undefined reason, for which neither can legally claim a divorce against the other.

Nor does it matter that both may have prayed a divorce. Their concurrent wish, or even consent, will not justify a divorce. The suit is not an ordinary civil one, with two adverse parties of record, but the marriage relation is one which largely affects the public well-being, and society is therefore vitally interested in it. That public concern, as it finds form and expression in our legislation, and in the policy of all christian states, is against the indiscriminate and wholesale granting of divorces.

The judgment is reversed, with costs, and the cause remanded, with directions to dismiss the cause at the plaintiff's costs.

*J. C. & J. Applegate,* for appellant.