### RUBY *v.* RUBY.

DIVORCE.—A husband, conceiving that his marriage was forbidden by the divine law, because a former husband of the wife, from whom she had been divorced, was still living, the parties agreed to a separation, but, after the separation, the husband entreated the wife to live with him again. The wife, having afterwards filed a petition against him for a divorce, upon the ground that this conduct on his part constituted "cruel treatment," within the statute,

*Held*, that it did not constitute cruel treatment.

*Held*, also, that the facts would not justify a divorce under the discretionary authority conferred upon the courts by the statute.

SAME.—It is only in a very clear case that the Supreme Court will reverse a judgment refusing a divorce, where the application was to the discretion of the court below.

APPEAL from the *Tippecanoe* Common Pleas.

ELLIOTT, J.—Petition by *Sarah J. Ruby* against *John O. Ruby* for divorce. The petition was filed on the 2d day of *October*, 1866, and showed that the parties were married on the 22d of *October*, 1865, and lived together until the 26th of July, 1866, when, under a written agreement, they separated by

mutual consent. The agreement of separation states that said *Sarah J.* had been previously married to one *Clinton Taylor*, who is still living, but that she was legally divorced from him, because of his abandonment of her, before her marriage with *Ruby.* But that, notwithstanding said divorce, these parties have satisfied themselves that their marriage is forbidden by the divine law, because of the fact that her former husband is still living, and neither of them being willing to live with the other in violation of the divine law, they agree, for that reason, and that alone, to separate; said *John* leaving their residence with the intention of abandoning the petitioner.

It is alleged in the petition that the defendant, prior to the separation, insisted upon the views expressed in the articles of separation, and referred to texts of scripture to prove his position; that, believing him in earnest, she was unwilling to live with him while he entertained the opinion that they were living in adultery, and cannot now consent to live with him again, although he has been importuning her by letter to do so. She denominates his conduct in the matter as "ill usage," and for that, and on account of his abandonment, prays a divorce.

In his answer, the defendant admits that he signed the articles of separation, but says he did it with "great reluctance, and much against his own conscience and better judgment, in the hope that a temporary submission to her will and earnest desire for a separation" would result in a happy reunion, and though he had been disappointed, he still hoped for that result, and therefore opposed a divorce.

On the hearing, the court refused to grant a divorce. Motion for a new trial overruled, and judgment, taxing the defendant with the costs. The petitioner appeals.

The evidence contains an admission of the parties that the opinion that they were living in adultery by the divine law was the only difficulty, and that the defendant, about two weeks after their separation, attempted to effect a reconciliation, and had continued his endeavors for that

purpose up to the trial. No cause for divorce is shown, either in the petition or by the evidence.

It could not be granted for abandonment, which, under the statute, must have been for at least one year, while the petition was filed in less than ten months after the separation. Besides, the appellant admitted, on the trial, that the defendant was anxious to live with her, and to that end had used every effort in his power to produce a reconciliation, from about two weeks after they separated.

The appellant's counsel argues that a divorce should have been granted on the ground of "cruel treatment." The claim is based on the evidence of the appellant's daughter, who was living with the parties at the time of the separation. She testified that a few days before the separation, the defendant handed her a paper containing a reference to a number of texts of scripture, and asked her if her mother had not spoken to her about the matter, and, on being answered in the negative, said he thought her mother was too good a woman to live in that way, and asked the witness to read the scriptures referred to, and see what she (the witness) thought of the matter.

Our statute of divorce is an exceedingly liberal one, and neither justice nor sound public policy requires that the courts, in construing it, should go beyond its letter and spirit to bring a case within it provisions. It authorizes a divorce for "cruel treatment of either party by the other." Here the complaint does not, in terms, or otherwise, charge the defendant with "cruel treatment." It refers to their separation because of the opinion entertained that her second marriage was in violation of divine law, and his subsequent importunities to live with her, and calls it "ill usage." This, we think, is not "cruel treatment," within either the letter or spirit of the statute. And the evidence in this respect falls quite as far short as the allegations of the petition. Nor do we see anything in the case to justify a divorce under the clause giving to the courts a discretionary power to grant divorces for other than the enumerated

causes, when the court shall deem it proper that a divorce should be granted.

Cases may frequently arise, presenting causes for divorce not enumerated in the statute, in which justice and public policy would alike justify the courts in granting them, under the discretion conferred by the statute.

It was held in *Ritter* v. *Ritter*, 5 Blackf. 81, under a provision of the code of 1831, substantially the same as that under consideration, that this discretionary power must be exercised in a sound and legal manner, so as to conduce to domestic harmony, and the peace and morality of society, and that the action of the lower court in such cases is subject to revision by this court.

The contract of marriage imposes obligations of the highest legal and moral character, and should not be annulled or disturbed for slight or trivial causes; and whilst this court may exercise a supervisory control in such cases over the action of the lower courts, in cases clearly requiring it, still, where a divorce for such a cause has been refused, it should be a very clear case of an improper exercise of that power, to justify this court in reversing the judgment of the lower court. This record does not present such a case, and the judgment must therefore be affirmed.

The judgment is affirmed, with costs.

*T. M. La Rue*, for appellant.

*G. O.* and *A. O. Behm*, for appellee.