# IN GENERAL TERM, 1872.

### ROBERT CURRY *v.* SARAH CURRY.

Appeal from BLAIR, Judge.

DIVORCE—*when insanity, no cause for—*
STATUTE—*construed—*
APPEAL—*from a judgment on " seventh clause "—*
INSANITY—*when may be cause for divorce.*

The statute does not confer authority upon our Courts to decree a divorce to a party on the sole ground that the defendant has become hopelessly insane, at least when such insanity has not been superinduced by a vicious, or reckless course of conduct on the part of defendant.

Under the *seventh* clause of Section *seven,* of the Divorce Act, the discretion of the Court is to be exercised " for any other cause," but there must be an injured party, to whom only, on application, divorces are granted, to give cause of divorce.

The husband, of a wife who has lost her reason, is not an injured party,

Curry *v.* Curry.

within the meaning of the statute, because the sufferer is not a wrong doer, and when no wrong has been committed by one party to the marriage contract, it is impossible that there can be, in a legal sense, an injured party.

An appeal lies from a judgment under the seventh—discretionary clause—of this act.

*L. M. Campbell* (of Danville), for plaintiff.

*C. L. Holstein, Guardian ad litem* for defendant.

NEWCOMB, J.—This was a proceeding for a divorce. After stating that the parties were married in the year 1841, and that they lived together as husband, and wife until the year 1857, and reared a family of children, now grown to manhood, and womanhood, the petition alleges: " That during the year 1857 said Sarah lost her reasoning faculties, and became insane; that plaintiff immediately and promptly resorted to the use, and procurement of every, and all means, and remedies known to the most eminent physicians of the age, and country, for the purpose of restoring the mind, and health of said Sarah, but without success; that since that time to the present he has continued his efforts for her restoration, and has had her placed under treatment at the Indiana Hospital for the Insane, where she has been kept, and treated for about half the time, that the balance of the time she has been kept, and cared for in the family of said plaintiff, all of which has occasioned him great expense, and which efforts, and medical treatment have availed nothing towards the restoring of said Sarah."

" That she has been pronounced incurable, and is hopelessly insane."

" That by reason of her misfortune she has become troublesome, disagreeable, and repulsive to her own children, having lost every attribute of humanity; that plaintiff has been impoverished, and himself, and his family made utterly, and indescribably miserable by reason of the continued insanity

of said defendant, that her presence in the family, and the knowledge of his relations to her, make his life almost a burden, and that his, and her children desire that he may be divorced from said Sarah."

On these facts, with the additional averment that defendant, at the time of the filing of the petition, was an inmate of the Hospital for the Insane, the plaintiff asked a divorce, and that the Court should charge him with the payment of a reasonable sum annually for the support of the defendant.

A *guardian ad litem* was appointed by the Court to defend the interests of the defendant, who filed a demurrer to the petition. His Honor, Judge Blair, before whom the cause came at Special Term, sustained the demurrer, and rendered final judgment against the petitioner, from which judgment he prosecutes this appeal.

Insanity, however hopeless of cure, is not a specified statutory cause of divorce in this State, but the seventh clause of Section seven, of the Divorce Act, 2 G. & H., 351, authorizes the granting of a divorce for any other cause than those enumerated, " for which the Court shall deem it proper that a divorce should be granted."

It was under this grant of discretionary power that the petitioner prayed the Court to pronounce a divorce.

The Judge who presided at Special Term having held that confirmed insanity was not a cause of divorce, we are asked to review, and reverse his decision.

It has been held by the Supreme Court in this State, in *Ritter* v. *Ritter*, 5 Blackf., 81, and in *Ruby* v. *Ruby*, 29 Ind., 174, that an appeal lies from the judgment of the lower courts in a case arising under the discretionary clause of the statute concerning divorces. The appeal lies, therefore, in this case; and we are brought to consider the single proposition, whether the long continued, and incurable insanity of the wife is a sufficient cause for granting the husband a divorce.

Curry *v.* Curry.

If the statute has clothed us with power to decree divorces for this cause, the petition presents reasons as cogent perhaps as can be found in any case, for the exercise of such power; but, upon a careful consideration of the question, we are satisfied that the decision at Special Term ought not to be disturbed.

It is not charged that the malady of the wife resulted from any misconduct on her part, or that she did any act in violation of her marital duties while sane. She, therefore, has committed no wrong against the husband.

The statute provides that divorces shall be granted, on the application of *the injured party*, for certain enumerated causes, and for any other cause than those enumerated, "for which the Court shall deem it proper that a divorce should be granted." Taken by itself, the latter clause would seem to confer upon the Court trying a divorce case, entire, and full discretion to grant a divorce for other than the specified causes. Such, however, is not the case. In discussing a similar statute, Judge Dewey, in the case of *Ritter* v. *Ritter, supra*, said: "That power, ample as it is, is not entirely without limits. The statute requires a *cause* of divorce, on which the discretion of the Court is to be exercised. The conclusion of the judgment that such cause is reasonable, *and such a one as forfeits the marriage contract on the part of the wrong doer*, or otherwise, is not an act of legislation." * * * Like all discretionary power in Courts, it must be exercised in a sound, and legal manner; it must not be governed by caprice, or prejudice, or wild, and visionary notions with regard to the marriage institution," etc.

The statute places a limitation upon the power of courts in divorce cases, which, in our judgment, is fatal to the present suit. There is no authority conferred to grant a divorce except "upon the application of the injured party." Where no wrong has been committed by one party to the marriage contract, it is impossible that there can be, in a legal sense,

an injured party.   Where no wrong has been done by the party against whom the divorce is sought, a divorce can not be granted.   *Gullett* v. *Gullett,* 25 Ind., 517.

It is a great, and irreparable injury to a husband for his wife to lose her reason, but he is not an injured party within the meaning of the statute, because the sufferer is not a wrong-doer.   The injury may be classed among those other accidents, or calamities that are, in law, deemed the acts of God, for the consequences of which no legal right of action accrues.   *Actus Dei nemini facit injuriam.*

We hold, therefore, that the State of Indiana has not conferred authority upon her courts to decree a divorce to a husband on the sole ground that the wife has become hopelessly insane; at least when such insanity has not been superinduced by a vicious, or reckless cause of conduct on her part.

The judgment at Special Term is therefore affirmed, with costs.