Marston, J. :
Complainant filed his hill alleging therein that he was married to defendant upon the 17th day of March, 18V2; that'they lived and cohabited together as husband and wife from that *437 time until about the 15th day of July, 1872, when she, without any cause, reason or provocation, deserted him, and that such desertion continued from that time until the filing of his bill, August 6, 1874. Defendant in her answer denies the desertion, and denies that she ever refused to live with complainant or discharge the duties incumbent upon her as his wife, except when rendered incapable on account of sickness; that the only time she refused to return to his house and live with him, when requested, was on one occasion, when she was utterly unable to leave her father’s house, where complainant had taken her. She also charges the complainant with cruelty towards her, setting up the various acts of cruelty, which need not be here enumerated. She had previously, in June, 1878, filed her *bill, asking to be divorced from the complainant, alleging cruelty therein, substantially as set forth in her answer in this case.
Complainant and defendant were each examined as witnesses in this ease. When we leave their testimony out, and also reject the hearsay testimony of certain other witnesses, all of which was clearly incompetent, what remains is far from being satisfactory. It does very clearly appear, however, that up to the 12th day of July, 1872, neither one had any cause for complaint against the other. Indeed the testimony of some of complainant’s witnesses shows perhaps an unusual degree of affection as existing between them up to this time. Being at her father’s house on the 12th, complainant was anxious that she should return home with him, but as she claimed to have been suffering for several days from chills and fever, and felt unable to ride, she desired to remain at her father’s, to which complainant at first consented, but afterwards, in harsh and abusive language, insisted upon her accompanying him home, which she did. The next morning complainant voluntarily carried her back in a lumber wagon, although he had a buggy, to her father’s, leaving her at the gate, some eight rods from the house, and at the foot of a hill on which the house stands, thus compelling her to walk from there to the house, which fatigued her very much, owing to her feeble state of health. These are the principal acts of cruelty alleged. It appears that the defendant remained at *438 her father’s; that she was sick between the 14th and 21st of July; and that complainant, during this period, spent much of his time at her father’s, and in taking care of defendant.
TJpon the 22d day of July complainant called at defendant’s father’s house, and wanted her to go home with him. She replied that she was not able to go with him, and was not able to work if she did. The witnesses are not agreed as to what actually took place at this time. It resulted, however, in complainant, upon the following day, or the next day after, causing a notice to be published, notifying all *persons not to trust or harbor defendant, as she had left his bed and board without just cause or provocation. The parties agree, that complainant on the 22d, when he ascertained that defendant would not then go home with him, requested that her clothing, and any other property she claimed then at his house, should be taken away, and that in obedience to this request, defendant, her father and other of her friends, went to the house of complainant upon the 1st day of August following, when, complainant not being at home, they returned the next day, and with complainant’s assistance procured her clothing, and such other articles as she claimed, and with them she returned to her father’s, where she has ever since remained. There is no satisfactory evidence, if indeed there is any, tending to show any sufficient cause for the sudden change in the affection of these parties between the 12th and 22d days of July. While we have little doubt but that both parties were in fault somewhat, yet we cannot help feeling but that their friends very much encouraged them, and assisted in bringing about the separation. It would seem from the evidence that neither of the parties in this case, nor their friends, made any effort whatever to bring about a reconciliation, but that all parties were only too anxious to avail themselves of any slight differences then existing, as an excuse for bringing about a separation. If the separation was with the consent or acquiescence of the parties, it could not constitute such a desertion as the law requires.
We think there were no such acts of cruelty in this case as would justify defendant in refusing to live with complainant, *439 and we can see no good reason, if their friends would only let them alone, why these parties should not live happily together as husband and wife.
Under all these circumstances we are of opinion that the decree of the court below dismissing the bill should be affirmed, and that it be so modified as to be without prejudice, and that neither party recover costs; we also are of *opinion that this is a case where no further allowance should be made to defendant; and the decree will be modified accordingly.
The other justices concurred.