No. 16,951.

ALEXANDER v. ALEXANDER.

140  555
140  561

DIVORCE.—*Finding and Decree in Favor of Both Parties.—Arrest of Judgment.*—In an action for divorce, in which there was a cross-petition also filed, a finding for the plaintiff on his complaint and for the defendant on her cross-complaint, and decreeing and granting a divorce to both parties, is insufficient and unwarranted, and the judgment should have been arrested on motion.

SAME.—*There Must Be an Injured and a Guilty Party.—Not Granted Except in Legal Manner.*—Before a divorce can be granted, there must be found an injured party and a guilty party; and divorce can not be granted except in the manner provided by law.

SAME.—*Insufficiency of Complaint and Cross-Petition.—Finding in Favor of Each of the Parties.—Judgment.*—Where neither the complaint nor the cross-petition in a divorce proceeding states facts sufficient to authorize a finding and judgment for the complaining party, a finding in favor of each of the parties can not be made the foundation of any judgment, as there is no one against whom it can operate.

JUDGMENT.—*Motion in Arrest.*—As to faults in the finding or verdict, the judgment may be arrested when the court can not discover therefrom for which party judgment ought to be rendered.

SAME.—*Motion in Arrest.—When Should Be Overruled.—Consideration of Finding.*—Motion in arrest can never exclude consideration of the finding, and it is only when the defects of the complaint or cross-complaint are shown to be cured by the finding that the motion in arrest should be overruled.

From the Monroe Circuit Court.

*J. R. East, A. M. Cunning, R. G. Miller, B. K. Elliott* and *W. F. Elliott*, for appellant.

*J. B. Black, H. C. Duncan, I. C. Batman, J. H. Louden* and *T. J. Louden*, for appellee.

HOWARD, J.—This was an action for divorce, brought by the appellee against the appellant.

The complaint purports to be based upon alleged cruel and inhuman treatment of the appellant towards the appellee. The particular acts of cruelty, however, which are alleged, amount to little more than exhibitions of bad temper and scolding.

The appellant filed a cross-complaint which is almost an exact copy of the complaint, making the same charges against appellee as are made in the complaint against appellant.

The finding of the court upon the issues so made was as follows: "The court being fully advised in the premises finds for the plaintiff on his complaint, and for the defendant on her cross-complaint."

The judgment entered on this finding was: "It is now, therefore, ordered, adjudged and decreed by the court that the bonds of matrimony heretofore existing between the plaintiff, William M. Alexander, and the defendant, Eliza J. Alexander, be and are hereby forever dissolved, and that they be and are hereby divorced."

It therefore appears that the divorce was not granted to either party, but to both.

The statute, section 1044, R. S. 1894 (section 1032, R. S. 1881), declares that "divorces may be decreed upon the application of the injured party." And in section 1052, R. S. 1894 (section 1040, R. S. 1881), it is declared that "in addition to an answer, the defendant may file a cross-petition for divorce, and when filed the court shall decree the divorce to the party legally entitled thereto."

It would seem, then, that the decree in this case is justi-fied neither by the pleadings nor by the findings.

In *Gullett* v. *Gullett*, 25 Ind. 517, where the defendant had filed a cross-petition, and the court had found that a divorce ought to be granted, "not upon the application of either party, but upon the whole case," this court held that under the statute a divorce can be granted only upon the application of the injured party, and that a finding in favor of one party and against the other is necessary to authorize a divorce.

That holding was unquestionably a correct expression of the law. A contract of marriage is not to be viewed by the courts as an ordinary contract which the parties may at any time agree to rescind. Neither can the court itself, on learning that the parties have had petty quar-rels, and have scolded and called one another hard names, come to the conclusion that they would be better apart. Before a divorce can be granted there must be found an injured party and a guilty party. Society and the State are interested in upholding the marriage rela-tion, and the statutory safeguards thrown around it will therefore be strictly insisted upon. No divorce will be granted except in the manner provided by law.

We are consequently of opinion that in the case before us the motion in arrest of judgment should have been sustained.

Neither the complaint nor the cross-complaint stated facts sufficient to authorize a finding and judgment of divorce in favor of either party. Notwithstanding this, the finding was not only in favor of each of the parties, but against neither of them. Such a finding can not be the foundation of any judgment; there is no one against whom it may operate.

Even as to faults in the finding or verdict, the judg-ment may be arrested "when the court can not discover

therefrom for which party judgment ought to be rendered.'' Elliott's Gen. Prac., section 996; Gould on Pleading, 504. Yet more, as in this case, where the finding shows that no judgment can be entered for either party.

But counsel say that the reason given in the motion for the arrest of judgment relates wholly to the alleged defects of the complaint. Even if that be so, still, as we have seen, the judgment ought to be arrested for that cause alone. But, in truth, the motion in arrest can never exclude consideration of the finding; and it is only when the defects of the complaint or cross-complaint are shown to be cured by the finding that the motion in arrest should be overruled. Here the finding not only does not cure the defects of either complaint or cross-complaint, but, on the contrary, shows that both are upheld, the allegations in the one standing out as fully supported against the allegations of the other.

If we were at liberty to consider the motion for a new trial, or the evidence, we should have to come to the same conclusion. The first reason given in the motion for a new trial is, that the finding is contrary to law, as it evidently is; while the evidence, set out in the transcript, shows quite as much fault on the part of the appellee as on that of the appellant, though not enough under the statute to authorize a divorce to either.

It is said in 2 Bishop on Marriage, Divorce and Separation, section 564: ''If the allegations on both sides are proved, the finding in each suit will, as recrimination, bar the other, and neither party can have a divorce.''

In *Christianberry* v. *Christianberry*, 3 Blackf. 202, it was held that one who is shown to be guilty of adultery is not entitled to obtain a divorce from his wife for a like offense previously committed by her. Our statute also

makes a like declaration. Section 1033, R. S. 1894 (section 1033, R. S. 1881).

So, in Stewart Marriage and Divorce, section 314, it is said: "Divorce is a remedy provided for an innocent party; a divorce granted to both parties is an anomaly; if both parties have a right to a divorce, neither has."

In Browne Divorce, p. 84, a like statement is made: "Where each of the married parties has committed a matrimonial offense, which is a cause for divorce, so that when one asks for this remedy, the other is equally entitled to the same, whether the offenses are the same or not, the court can grant the prayer of neither." See, also, *Conant* v. *Conant*, 10 Cal. 249 (70 Am. Dec. 717); *Mattox* v. *Mattox*, 2 Ohio, 234 (15 Am. Dec. 547); *Pierce* v. *Pierce*, 15 Am. Dec. 210; *Hale* v. *Hale*, 47 Tex. 336 (26 Am. Rep. 294); *Wood* v. *Wood*, 2 Page, 108; 2 Bish. Marriage and Divorce, section 74.

As said by this court in *Gullett* v. *Gullett, supra:* "The statute has not invested our courts with power to decree a divorce merely upon the notion that the parties should be separated, for some undefined reason, for which neither can legally claim a divorce against the other. Nor does it matter that both may have prayed a divorce. Their concurrent wish, or even consent, will not justify a divorce." See, also, *Scott* v. *Scott*, 17 Ind. 309.

The judgment is reversed, and the cause remanded, with directions to sustain the motion in arrest of judgment.

Filed Nov. 22, 1894.