HANOVER *v.* HANOVER.

(Decided December 23, 1929.)

*Mr. Louis E. Myers,* for plaintiff in error.
*Mr. Lionel Levy,* for defendant in error.

LLOYD, J.   On January 30, 1929, the defendant in error, George L. Hanover, as plaintiff, commenced an action in the court of common pleas of Lucas county against the plaintiff in error, Jessie M. Hanover, as defendant, praying for a divorce on the grounds of gross neglect of duty and extreme cruelty.   In this petition it is alleged that, because of the conduct of his wife prior thereto, he "was forced to leave the defendant on August 15, 1925, since which time the parties have lived separate and apart," and this alleged misconduct is to some extent particularized, but it is not claimed nor does the evidence disclose any misconduct on the part of either the husband or the wife subsequent to their separation, other than the mere fact that they have not since lived together.

They were married in Bucyrus on June 15, 1899, there being four children of the marriage now living, one of whom is a minor 13 or 14 years of age.

To the petition of the plaintiff, the defendant filed an answer containing several defenses, one of which

was that the cause of action alleged by plaintiff in his petition had been adjudicated in a former action commenced in the court of common pleas of Marion county, Ohio.

In support of this alleged defense, the record of the proceedings in the action in the Marion county court of common pleas was offered and received in evidence. In the petition filed by her in that action on September 21, 1925, Mrs. Hanover prays for alimony and for the custody and support of the minor child, Virginia. Among other alleged facts, it is stated therein that "about June 1, 1925, defendant, without any reason, deliberately left and abandoned the plaintiff and her family, and since said date has remained away, and asserts that he will never live with her again or recognize the marriage relation with her; that on said occasion he left her penniless and has ever since and does now refuse to contribute anything toward her support and livelihood."

On October 5, 1925, the husband filed an answer to this petition, in effect a general denial of all of the allegations of his wife's petition other than their marriage, residence, and the birth and ages of their children. In this answer he specifically alleges that "about the 15th of August, 1925, * * * the plaintiff gave notice to the defendant that she was done and was going to leave home, and this she did at once and has since refused to live with him."

On August 17, 1926, the defendant filed a cross-petition, praying for a divorce from his wife on the ground of gross neglect of duty, alleging therein substantially what he alleges in his petition filed in the court of common pleas of Lucas county. The judgment of the court of common pleas of Marion

county, as journalized, reads in part as follows: "This December 23, 1926, came plaintiff with her attorney L. E. Myers and defendant with his attorney James H. Eymon, and this cause came on to be heard upon the petition, answer, cross-petition, reply, and evidence, and was submitted to the court, and the court being first duly advised in the premises and upon due consideration, do find the issues herein in favor of plaintiff, and against defendant, and accordingly the cross-petition is dismissed and divorce is denied. The court finds that defendant is guilty of gross neglect and that plaintiff is entitled to the care and custody of said child and to reasonable maintenance."

The decree then provides that "until the further order of the court the defendant pay towards the maintenance and support of plaintiff and their children under 21 years of age the sum of $15.00 each week."

The action in the court of common pleas of Lucas county was tried, according to the bill of exceptions, on May 9, 1929, and the judgment rendered therein was journalized on May 21, 1929. The entry states: "The court finds that the allegations contained in plaintiff's petition are true and that the defendant has been guilty of gross neglect of duty towards the plaintiff George L. Hanover, and that the plaintiff is therefore entitled to a divorce."

A judgment of divorce was accordingly entered by the court, and this judgment the plaintiff in error, Jessie M. Hanover, seeks to reverse.

It is admitted that all of the evidence offered and received in the instant case relates to alleged happenings and conduct occurring prior to the trial had

in the court of common pleas of Marion county, and the only claim now made is that it was the duty of the wife to go where the husband was, because Section 7996, General Code, provides that the husband is the head of the family, and that the fact that she had not done so in the interim between the date of the judgment of the court of common pleas of Marion county and the commencement of the action in the court of common pleas of Lucas county constitutes gross neglect of duty within the meaning of the statute.

In the language of the trial judge, the statute "simply means that the husband and wife, with all the other rights that have been granted to the wife, under the statute, still the husband must be the head of the family, where several people constitute the family, the husband has been selected as the one, and there is nothing in the evidence to show that the wife has ever offered to come back to her husband and he gives good reason for staying away from her. She has never offered to come back and live with him. I think it was her duty, if he is the head of the family and she knows where he is and she must have known all this time, if she wanted to go back to him, I think in that respect there has been gross neglect of duty."

We are unable to agree with this conclusion. Admittedly the husband left the wife, lived thereafter continuously at a rooming and boarding house, first in Bucyrus and then in Toledo, and never at any time offered to return to his family or to provide another home for them.

Section 11979, General Code, provides that divorces may be granted in Ohio for any one of cer-

tain enumerated causes, among which are "any gross neglect of duty" and "wilful absence of either party from the other for three years." In the instant case, willful absence was not pleaded in the petition, and could not, if pleaded, have been maintained because of the unreversed judgment of the court of common pleas of Marion county awarding to Mrs. Hanover separate support and maintenance. "Willful," as used in the statute, means intentional, purposely, designedly, and a separation by consent or by judicial sanction cannot be construed as willful. *Condon* v. *Condon,* 8 Ohio App., 189; *Brainard* v. *Brainard,* Wright, 354; *Simpson* v. *Simpson,* 31 Mo., 24; *Cox* v. *Cox,* 35 Mich., 461. Nor can gross neglect of duty be established by proving willful absence. *Nichols* v. *Nichols,* 8 Ohio Dec., 463; *Radcliff* v. *Radcliff,* 15 C. C., 284, 286; 8 C. D., 278.

Other than the continuing absence of the defendant, the issues involved in the action in the court of common pleas of Lucas county were identical with those litigated and determined in the action theretofore commenced in Marion county.

The defense of *res judicata* was therefore properly interposed, and the petition of the plaintiff should have been dismissed.

A divorce may not properly be granted without evidence of the existence of at least one of the statutory causes for divorce, and may not be granted upon the testimony or admissions of a party unsupported by other evidence. We therefore are unable to agree that the trial court may, in his discretion, grant a divorce when there is no legal evidence to warrant it. The bill of exceptions records the trial judge as saying: "I will say at the outset, that I

am not very keen about keeping a man and woman together by the tie of marriage when love is dead. If love is dead there is nothing left of the marriage relation but the ashes of roses, and I can't see why they should be kept tied together, and it has been the policy of this court to establish legally what is already existing as a fact, that the man and woman have been separated and been living separate, and the evidence is that they will not live together again, and can't live together again. If anybody can give me any good and valid reason why the marriage tie should be regarded as binding upon those parties, I would like to know what it is. * * * I do not know why I should keep a man and woman tied together by so-called marriage ties when they are not living together, associating together, or having a word to say to one another, and the only time they can go out is at the risk of somebody's reputation."

The answer to this, in the language of the Supreme Court of Nebraska, is that "there is still a discernible interval between the statutes of this state and the right of free divorce, which needs to be bridged, if at all, by the legislature and not by the courts." The Supreme Court of Indiana has voiced in different language the opinion heretofore expressed by this court, and we therefore quote therefrom with approval. In *Alexander* v. *Alexander,* 140 Ind., 555, at page 557, 38 N. E., 855, 856, the court says: "A contract of marriage is not to be viewed by the courts as an ordinary contract, which the parties may at any time agree to rescind. Neither can the court itself, on learning that the parties have had petty quarrels, and have scolded and called one another hard names, come to the conclu-

sion that they would be better apart. Before a divorce can be granted, there must be found an injured party and a guilty party. Society and the state are interested in upholding the marriage relation, and the statutory safeguards thrown around it will therefore be strictly insisted upon. No divorce will be granted except in the manner provided by law.''

From what we have said, it follows that the judgment of the court of common pleas must be reversed, and final judgment entered in favor of the plaintiff in error, dismissing the petition of defendant in error.

*Judgment reversed and final judgment for plaintiff in error.*

WILLIAMS and RICHARDS, JJ., concur.