## PHILLIPS v PHILLIPS

Ohio Appeals, 6th Dist, Lucas Co

No 2793.   Decided Nov 13, 1933

Sol D. Tucker, Toledo, and Tyler, Wilson & Rhinefort, Toledo, for plaintiff in error.

S. A. Fazekas, Toledo, for defendant in error.

### OPINION

By WILLIAMS, J.

It has been said that there are some court decisions that ought to be relegated to the category of legal curiosities.   While we say nothing ungenerous of the decision of the court below, it does impress us as being anomalous.

Mary E. Phillips brought an action in the Court of Common Pleas against her husband, Ray Phillips, praying for divorce and alimony, and the husband filed a cross-petition praying for a divorce and asking the court to award him certain real property.   Upon trial the court below found that "both the plaintiff and defendant herein have been guilty of gross neglect of duty toward each other and that by reason thereof, both parties hereto are entitled to a decree of divorce as prayed for."  Thereupon the court, in its decree, granted each party a divorce from the other.

The action of the trial court was contrary to the canons of ecclesiastical law as far back as reaches the memory of man. The relation of husband and wife is not merely one of contractual obligations. Marriage arises, of course, in the consent of the contracting parties, but when the marriage rite is consummated, a legal status is cre-

ated which can not be dissolved by the mere consent or agreement of the parties, but only in the manner provided by law. A trial court in a divorce case can dissolve the marriage where a legal ground for the annulment exists and the party seeking the decree is not barred by his own act or wrong. Whether the trial court thinks it would be better for the parties to have a decree of divorce is not a controlling consideration. There is involved in every divorce case a question of public policy arising out of the principle that the family relation is the basis of organized civilized society and should be preserved until such time as it appears to the court in a divorce proceeding that a legal right to a divorce has been established. Moreover, the doctrine of public policy is carried so far in its application that the courts hold a party has no vested right to a divorce merely because a legal ground therefor is made out against the adverse party. There must not only be an injured party and a guilty party, but the injured party must be free from fault amounting to a legal ground for divorce before the court is warranted in granting such party a decree of divorce. Of course, an action for divorce is not strictly a chancery proceeding, but the equitable maxim that no litigant will be given relief where he does not come into court with clean hands is applicable to a party seeking a divorce. 14 Ohio Juris., 404, §24. This principle is the very foundation of the doctrine of recrimination or compensatio criminum, which has come to us from the canon law. The vital legal tenet which this court seeks to emphasize is that the party awarded a divorce must be free from such fault or wrong as would amount to a ground for divorce.

It follows that the trial court committed reversible error in granting each party a divorce. The judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.

RICHARDS and LLOYD, JJ, concur.