## VELER v VELER

Ohio Appeals, 6th Dist, Ottawa Co

Decided June 10, 1935

Carl Nicholas, Toledo, for plaintiff in error.

Eugene Straw, Toledo, for defendant in error.

## OPINION

By OVERMYER, J.

Julia Veler filed a petition in Common Pleas Court on May 25, 1934, against Fred Veler, praying for divorce on the grounds of extreme cruelty. Later an amended petition was filed. The defendant answered and also filed a cross-petition charging the plaintiff with unchaste and immoral conduct, and with acts of extreme cruelty.

On these pleadings the case came on for hearing before the court, and after a full hearing the court found that the defendant was guilty of extreme cruelty toward the plaintiff, but that such acts of cruelty were provoked by the misconduct of the plaintiff, and also found that the plaintiff was guilty of extreme cruelty but that such acts of cruelty were provoked by the misconduct of the defendant, and thereupon dismissed both the petition and cross-petition and ordered each party to pay the costs made by them respectively.

The defendant, Fred Veler, filed a motion for new trial which was overruled, and he prosecutes error on various grounds, the principal ones urged being that the judgment of the court is not sustained by the evidence and is contrary to and against the weight of the evidence, and is contrary to law in that the court should have granted the husband a divorce on the evidence adduced.

We have examined the entire record and do not find the judgment of the court against the manifest weight of the evidence, but do find that in view of the evidence the court could not well do otherwise than leave the parties where it found them. The

question of comparative guilt can not enter into the granting of divorces by the courts. A court can not find both parties guilty of acts of misconduct constituting a ground for divorce and then grant a divorce to the party the less guilty of the two. One party must be guilty and the other innocent of acts constituting a ground for divorce, before a court can enter a decree. **Hanover v Hanover, 34 Oh Ap 483, 489,** 171 NE 350, citing with approval, Alexander v Alexander, 140 Ind. 555, 38 NE 855; **Phillips v Phillips, 48 Oh Ap 322, (15 Abs 734)** 193 NE 657.

The trial court had the benefit of seeing the parties and their respective witnesses, and hearing and observing them and thus determining the weight to be given to testimony offered. The trial court also is vested with rather wide discretion in the granting or refusing of divorce decrees. A reviewing court will not disturb the judgment of a trial court in refusing a divorce, unless such judgment is manifestly against the clear weight of the evidence.

We find no error in the record prejudicial to the plaintiff in error and the judgment of the Court of Common Pleas will be affirmed.

Judgment affirmed.

LLOYD and CARPENTER, JJ, concur.