## MASON, Plaintiff v. MASON, Defendant.

Common Pleas, Tuscarawas County.

Decided January 26, 1945.

John A. Schlupp, Newcomerstown, for plaintiff.
Bowers, Stafford and Bowers, New Philadelphia, for defendant.

### OPINION

By LAMNECK, J.

The plaintiff in this case prays for a divorce from the defendant on two grounds: —

(1)   That the defendant has been guilty of wilful absence for more than three years last past.

(2)   That the defendant has committed acts of adultery.

At the hearing of this cause the plaintiff submitted proof to the effect that a boarder was brought into the home of the parties at the wife's invitation, at Moundsville, West Virginia, where they had resided for a number of years; that he suspicioned that his wife and the said boarder were committing acts of adultery, based principally on the plaintiff's observation that he had seen the defendant go to the trailer of the boarder, which was parked on a lot near the home of the parties, on several occasions and in which the said boarder roomed; that he asked his wife not to board the alleged correspondent and that when she refused he immediately left the home of the parties and has been separated since January 8, 1940. He has not supported the defendant in any way or had any communication with her since the separation.

In view of the fact that the charge of adultery has not been proven by satisfactory corroborative evidence, the issue to be decided in this case is whether or not the defendant is guilty of "wilful absence" for a period of three years.

"Wilful" as used in §11979 GC means intentional, purposely, designedly. **Hanover v Hanover, 34 Oh Ap 483,** 171 N. E. 350.

A case of "wilful absence" is not made out by the mere fact of separation for three years. (**14 O. Jur. 384.**)

Since the plaintiff in this case absented himself from the home of the parties, the defendant cannot be charged with wilful absence unless the statute contemplates "legal or constructive wilful absence." In some other states a party to the marriage relation who by his conduct compels the other to leave the home of the parties is held to be constructively guilty of desertion or abandonment.

This question has not been definitely decided in Ohio although in the case of Tiberghein v Tiberghein, 8 Ohio Dec. Rep. 464, 8 Bull, 89, the court held that a husband could not be considered guilty of wilful absence even though "poverty, idleness, unthriftiness" compels the wife to leave him.

As defined in **Hanover v Hanover, 34 Oh Ap 483,** 171 N. E. 350, supra, the word "wilful" means intentional. It also must be voluntary. It contemplates more than the word "gross." Thus "wilful negligence" evidences an intention to injure, while "gross negligence" does not necessarily include such intention.

It would not require a greater degree of proof to substantiate a charge of "gross neglect of duty" which would justify a party in leaving the matrimonial domicle, than to prove

"contructive wilful absence." Likewise no greater degree of proof would be required to prove "extreme cruelty" as a justification for separation.

In the jurisdictions that recognize "constructive desertion" or "constructive abandonment" as a ground for divorce the word "wilful" is generally not included. In some states the word "obstinate" as well as the word "wilful" is used in making desertion a ground for divorce. Under such statutes the word "obstinate" used with "desertion" is defined to mean determined, fixed, persistent. (27 Corpus Juris Sec. 579.)

From the facts presented in this case the Court is unable to say that the wife's absence has been "wilful". Even if the husband was justified in leaving his wife under the circumstances in this case, it does not mean that her absence from her husband is intentional and voluntary and against his will.

"Wilful absence" as a ground for divorce imports an actual cessation of cohabitation for a period of three years, a wilful intent on the part of the absent spouse to be absent, and such wilful absence must be against the will of the other party. For the plaintiff to prove actual wilful absence on the part of his wife in this case against his will, he must show an invitation on his part to resume marital relations which was not accepted or was refused for a period of three years by the wife.

The Court is also of the opinion that the statutes of Ohio do not contemplate "constructive wilful absence." Acts of a spouse which would justify the other in leaving the matrimonial domicile would be grounds for divorce under any one of at least four of the ten grounds for divorce enumerated in §11979 GC. Because of those liberal provisions a court would not be justified in reading constructive wilful absence into the statutes.

A husband who leaves the matrimonial domicile because the wife's alleged misconduct compels him to do so cannot maintain an action for divorce on the ground of "wilful absence" of the wife unless the husband who left the matrimonial domicile proves that an offer to resume martial relations was refused or was not accepted by the wife for a period of three years. This is the only way that the husband can show that the wife's absence from him is against his will and wilful on her part.

It will therefore be held that the prayer for divorce be denied and the petition of the plaintiff be dismissed.