OPPERMAN, APPELLANT, v. OPPERMAN, APPELLEE.

(No. 474—Decided July 3, 1945.)

*Messrs. Price & Price,* for appellant.
No appearance for appellee.

BY THE COURT. This is an appeal on questions of law from a judgment of the Common Pleas Court of Hancock county, Ohio, in an action therein wherein the

appellant, Josephine Opperman, was plaintiff and the appellee, Merle E. Opperman, was defendant.

The action is one for divorce, custody of the minor child of the parties, reasonable support for the child, and such other relief as is proper.

The defendant having failed to file an answer or other pleading to the petition, the cause was submitted to the court upon the petition of the plaintiff and the evidence.

There is no bill of exceptions of the hearing in the Common Pleas Court and the only record before this court on this appeal consists of a certified transcript of the docket and journal entries, the pleadings and original papers in the case.

The judgment from which this appeal is taken, caption and signature of the trial judge omitted, is in the words and figures following:

"This cause came on to be heard upon its merits on January 8, 1944, and was informally decided by the court.

"And now on this 5th day of December, 1944, the court find that the defendant has been duly served with summons and a copy of the petition herein filed, and has failed to appear and the court find him in default for answer or demurrer to said petition, and find that the allegations thereof are confessed by him to be true.

"The court further find that the defendant is a member of the armed forces of the United States, and that he has waived his rights herein under the Soldiers' and Sailors' Relief Act by written waiver filed herein.

"The court also find that the plaintiff at the time of filing her petition had been a resident of the state of Ohio for one year next preceding the same and had been a *bona fide* resident of this county for more than thirty days immediately preceding the same and that the parties hereto were married as in said petition set forth.

"The court further find that one child, namely, Jerry Lee Opperman, aged seven years, has been born to such marriage.

"The court further find that the defendant left plaintiff without just cause more than two years prior to the trial herein and during said period failed to provide the plaintiff either with money or necessities and that the plaintiff was compelled to find employment to provide the necessities of life for herself and said child.

"The court further find that the plaintiff and defendant have not lived together since said separation above referred to and that the defendant has been guilty of gross neglect of duty toward the plaintiff which, excepting as hereinafter set forth, would entitle plaintiff to a divorce as prayed for.

"The court further find that plaintiff's general reputation in the community is good and that excepting as hereinafter set forth she is a proper and good mother and is qualified to have the custody of said minor child.

"The court further find from the evidence, from the admissions of plaintiff and from its own knowledge that the plaintiff since the time of her separation from the defendant has been keeping steady company with one Lawrence N. Musgrave, who himself secured a divorce in this court in case No. 27042 while he was so keeping company with plaintiff and that said association between the plaintiff and said Lawrence N. Musgrave has continued up to the time of the trial of this case.

"Wherefore the court find that the plaintiff, by reason of said irregular associations, has been guilty of such conduct as to bar her from invoking the assistance of this court and that said divorce ought to be and it hereby is refused, to which ruling of the court the plaintiff excepts."

Plaintiff assigns error in the following particulars:
1. The judgment of the trial court is contrary to law.

2. The judgment of the trial court is not sustained by the evidence as shown in the journal entry of findings by the trial court and is manifestly against the weight of the evidence.

3. The trial court erred in refusing to grant the plaintiff a divorce.

4. The trial court erred in taking judicial notice of another divorce case between different parties in the same court.

5. The court erred in taking into consideration matters from its own knowledge, as shown by the journal entry, which said matters were not in the evidence.

In the absence of a bill of exceptions this court cannot review the weight of the evidence, therefore, that portion of assignment of error No. 2, to the effect that the judgment is manifestly against the weight of the evidence, will not be considered by this court.

Without consideration of that part of assignment. No. 2 above referred to, assignments Nos. 1, 2 and 3 present the question as to whether the trial court, upon the record before this court, and particularly the journal entry of judgment, erred in not granting a divorce to the plaintiff, so our consideration of these three assignments will be limited to this question.

Assignments 4 and 5 will be considered after discussion of this question.

It will be noted that the trial court in its judgment specifically found all the facts in favor of the plaintiff, essential to entitle her to a divorce from the defendant and to the custody of the minor child of the parties; and that the court's refusal to grant her a divorce and the custody of the child was predicated solely upon its finding from ''the evidence, from the admissions of plaintiff and from its own knowledge that the plaintiff since the time of her separation from the defendant had been keeping steady company with one Lawrence N. Musgrave, who himself secured a divorce in

this [Common Pleas] court in case No. 27042 while he was so keeping company with plaintiff and that said association between the plaintiff and said Lawrence N. Musgrave has continued up to the time of the trial of this case."

In doing this the court apparently relied upon the rule set forth in several of the earlier cases, that an action for divorce invokes the equitable jurisdiction of the court to an extent which renders applicable the rule that a plaintiff may be denied relief where he does not come into court with clean hands. *Dunbar* v. *Dunbar,* Wright, 286; *Mattox* v. *Mattox,* 2 Ohio, 233, 15 Am. Dec., 547.

The question as to whether the courts of this state have any equitable jurisdiction in actions for divorce and alimony was under consideration in a later case, namely, *DeWitt* v. *DeWitt,* 67 Ohio St., 340, 66 N. E., 136, in which the above-mentioned cases were in effect overruled, although the court indicated that such cases were correctly decided under the statute notwithstanding the court had no jurisdiction in chancery. In that case it was held:

(a) Insofar as any common-law rules respecting divorce and alimony are derived from the English, we inherited those administered in the ecclesiastical courts, for, outside of Parliament, no other tribunal had or assumed cognizance of such controversies. Such power did not, in England, belong to a court of equity. The ecclesiastical court was a canonical court and never deviated from the canon law.

(b) The courts of Ohio do not have general equity jurisdiction in suits for alimony, but the jurisdiction is such and such only as is given by statute.

(c) A court in alimony cases does not exercise general equity powers, but is controlled by the statute and is authorized to exercise such power as that ex-

pressly given, and such as is necessary to make effective its orders and decrees.

Notwithstanding the decision in that case, which has never been overruled, some courts have persisted in the view that courts have equitable jurisdiction in divorce and alimony cases to the extent mentioned above. Other courts have applied a similar, although more limited, canonical rule of the ecclesiastical courts known as the doctrine of recrimination or *compensatio criminis* to the effect that if the conduct of both parties has been such as to furnish grounds for divorce neither of the parties is entitled to relief. *Phillips* v. *Phillips,* 48 Ohio App., 322, 193 N. E., 657; 27 Corpus Juris Secundum, 623, Section 67.

In the *Phillips case* and in cases in other states it is held that such doctrine rests on the equitable maxim that he who comes into equity must come with clean hands, and on a concept that he who seeks redress for the violation of a contract resting on mutual and dependent covenants must himself have performed the obligations on his part. 27 Corpus Juris Secundum, 624, Section 67. See, also, 17 American Jurisprudence, 267, 268, Sections 233 and 234.

The doctrine of recrimination is recognized as a defense which must be pleaded in order to be available. 14 Ohio Jurisprudence, 403, Section 23.

As, in this state, the Common Pleas Court in divorce and alimony cases is a court of special and limited jurisdiction having no general jurisdiction in equity, and the statutes relating to divorce and alimony do not expressly confer any jurisdiction to enforce the equitable rule as to "clean hands" or the similar canonical doctrine of recrimination, it would seem that so far as this state is concerned the enforcement of such doctrine by the courts of this state rationally rests on the concept that he who seeks redress for the violation of contract resting on mutual and dependent covenants must him-

self have performed the obligation on his part, rather than on the equitable maxim of "clean hands."

But be that as it may, the rule is firmly established by the decisions of the courts of this state that if the conduct of both parties to a divorce action has been such as to furnish grounds for divorce neither of the parties is entitled to relief.

.The rule, it will be noted, is not applicable to conduct of the parties not constituting grounds for divorce under the statutes of this state.

Assuming, without deciding, that the court could apply such rule without the facts on which it is based being pleaded as a defense by the defendant, we shall consider whether the application of such rule warranted the court in refusing a divorce to the plaintiff and refusing to award the custody of the minor child of the parties to the plaintiff for the reason assigned in the journal entry of judgment.

A careful reading of the findings of the court upon which it bases its refusal to grant plaintiff a divorce and award her the custody of the child fails to show that the plaintiff has in any way conducted herself in such a manner as would constitute any ground for divorce by the defendant from her, although her conduct may have been reprehensible from the standpoint of the ethics of the trial court.

As the plaintiff has not committed any acts which would entitle the defendant to a divorce from her, she, on the findings of the trial court in its journal entry, is entitled to a divorce from the defendant and the custody of the minor child of the parties, and the court erred in denying her such relief and its judgment in this respect is contrary to law.

There are no findings of the trial court concerning or relating to the support of the minor child prayed for in her petition, so this court has no basis upon which to enter final judgment as to the support of the child.

If the plaintiff will, in a writing filed herein within

ten days from the announcement of this decision, waive any right she may have to an adjudication in this action as to the support of the minor child, this court will, for the error above mentioned, reverse the judgment of the Common Pleas Court refusing to grant plaintiff a divorce and award her the custody of the minor child, and will render the judgment the trial court should have rendered, granting plaintiff a divorce and awarding her the custody of the minor child, at the costs of the defendant, and remand the case to the Common Pleas Court for execution and for the exercise of its continuing jurisdiction with reference to the custody of the minor child of the parties. Otherwise, this court will reverse the judgment for the errors above and hereinafter mentioned and remand the cause to the Common Pleas Court for a new trial and further proceedings according to law, at costs of defendant.

4. Under this assignment the plaintiff contends that the trial court erred in taking judicial notice of another divorce case between different parties in the same court.

The findings of the court in its judgment show that it did take judicial notice of a former divorce proceeding in the same court. This assignment is well taken and would require reversal of the judgment. Paragraph three of the syllabus in *Wainscott* v. *Young,* 74 Ohio App., 463, 59 N. E. (2d), 609.

5. The fifth assignment is that the court erred in taking into consideration matters from its own knowledge, as shown by the journal entry of judgment. This assignment is well taken and would require reversal of the judgment. 17 Ohio Jurisprudence, 41, 42, Sections 15 and 16.

*Judgment accordingly.*

MIDDLETON, P. J., JACKSON and GUERNSEY, JJ., concur.