## Liliana Nowak *v.* Joseph Nowak

Superior Court     Hartford County     File No. 125272J

Memorandum filed September 13, 1962

*Thaddeus Maliszewski,* of Hartford, for the plaintiff.

*Rosenzweig & Sledzik,* of New Britain, for the defendant.

COTTER, J. This is an action for divorce on the ground of intolerable cruelty and a similar claim in a cross complaint by the husband against the wife.

The parties were married in Poland in November, 1958, and a child was born there in August, 1959. After the marriage, the husband, a native of New Britain, Connecticut, was compelled to return to the United States and his wife wished to remain in Poland until her child was born. Mrs. Nowak then came over to this country on May 29, 1960, and lived with her husband in New Britain approximately five months, when she left him on October 26, 1960.

Mrs. Nowak's chief complaint is that she found they were temperamentally unsuited, and she testified many times that she found their "personalities incompatible." She was unhappy in this country and became dissatisfied with what she found in the United States. In addition, there was a difference in age between them, and she experienced a longing for her mother and family in Poland. There is a serious question whether she loved her husband and had a real interest in him. Nowak worked at a factory during the day and at his family's grill at night, which way of life resulted in very little social activity for the couple. There likewise appeared to be constant friction between the wife and her husband's mother. The husband's chief complaint in support of his action seems to be his wife's lack of affection and interest in him and a display of fondness by a school colleague of his wife which was stated in a letter written from Poland which he intercepted while they were living together. However, there was no proof of any improper relations between this former acquaintance and Mrs. Nowak. She had been a civil surveyor in Poland and had attended the same school her colleague did, and any expression of interest appeared purely platonic.

Incompatibility of personalities is not and has never been a ground for divorce in Connecticut. Under our law, married persons are expected to accept the ordinary vicissitudes of marriage caused by unwise mating, unhappy situations, unruly tempers and common quarrels or marital wranglings. To constitute intolerable cruelty, the consequences must be serious. "Intolerable cruelty has a subjective as well as an objective significance. There must not only be proof of acts of cruelty . . . but proof that in their cumulative effect . . . they are intolerable in the sense of rendering the continuance of the marital relation unbearable." *Kilpatrick* v. *Kilpatrick,* 123 Conn. 218, 221. " 'It is only when the cumulative effect of the defendant's cruelty upon the suffering victim has become such that the public and personal objects of matrimony have been destroyed beyond rehabilitation, that the condition of fact contemplated by the intolerable cruelty clause of the statute . . . should be found to exist.' *McEvoy* v. *McEvoy,* 99 Conn. 427 . . . ." *Beck* v. *Beck,* 102 Conn. 755, 756.

This is our Connecticut law. Merely because the parties have grown to dislike one another, that they have lost interest in one another, or that it was an unwise match in its inception cannot give to our court the authority to dissolve a legal marriage even though other jurisdictions are extremely liberal and anxious to grant divorce decrees in volume and with the greatest of ease.

Our Supreme Court has expressed itself emphatically as to the attitude of the state in connection with the dissolution of a marriage: " 'When an attempt is made through the courts to undo a marriage, the State becomes in a sense a party to the proceedings, not necessarily to oppose, but to make sure that the attempt will not prevail without suffi-

cient and lawful cause shown by the real facts of the case. . . . There can be no such thing as a "legal right" to a divorce vested in any married person. "The State does not favor divorce; and only permits a divorce to be granted when those conditions are found to exist, in respect to one or the other of the married parties, which seem to the legislature to make it probable that the interests of society will be better served and that the parties will be the happier, and so the better citizens, separate, than if compelled to remain together. The State allows divorces, not as a punishment to the offending party nor as a favor to the innocent party, but because the State believes its own prosperity will thereby be promoted."' Chief Justice Andrews, in *Allen* v. *Allen,* 73 Conn. 54, 55 . . . . '[M]arriage is a life status and should never be dissolved, unless one of the parties is guilty of conduct which in itself is a practical annulling and repudiation of the marriage covenant . . . . Mere faults of temper and of manner do not constitute such cruelty. There are . . . trials causing much weariness and suffering which parties to the marriage contract must bear; the policy of the State, as well as the sacred nature of the marriage covenant, requires patient endurance.'" *Mercer* v. *Mercer,* 131 Conn. 352, 354, 355.

Our courts have never adopted the policy, which some jurisdictions have followed, "of comparative guilt." The principles of equity apply to divorce cases, which have been held to be equitable in nature. In some jurisdictions, by statute, where the parties appear to be in equal wrong, the court, in its discretion, may grant or refuse to grant a decree of divorce. 27A C.J.S. 229. So also in others, "where mutual delinquencies of the husband and wife make a further living together intolerable and life burdensome, a divorce may be granted, and the court is not called on to balance the mutual delinquencies,

but only to determine which party is least open to charge of causing situation." 27A C.J.S. 229, n.60; *Dearth* v. *Dearth*, 141 Pa. Super. 344. Connecticut has never adopted by statute the theory of equal wrong or comparative guilt. The courts, in discussing this theory of the law, have stated: "The question of comparative guilt can not enter into the granting of divorces by the courts. A court can not find both parties guilty of acts of misconduct constituting a ground of divorce and then grant a divorce to the party the less guilty of the two. One party must be guilty and the other innocent of the acts constituting a ground for divorce, before a court can enter a decree." *Veler* v. *Veler,* 57 Ohio App. 155, 156. A court of equity will not grant a divorce to one whose conduct has been such as to furnish sufficient grounds for a divorce, even if the conduct of the other party has been grossly more culpable. In such case, the court will deny relief to either. *Peyton* v. *Peyton,* 97 Neb. 663. "Since a divorce cannot be granted if the parties are equally at fault, it follows, and statutes sometimes expressly so provide, that if complainant has been guilty of the same offense as defendant, there can be no divorce." 27A C.J.S. 233, § 67(2); *Phillips* v. *Phillips,* 48 Ohio App. 322; *Mohr* v. *Mohr,* 119 W. Va. 253; *Hove* v. *Hove,* 219 Minn. 590, 159 A.L.R. 731 & note, 734.

The testimony is that both parties are at fault for the failure of the marriage and the marital atmosphere which prevailed. Each accuses the other of intolerable conduct. The action of each at times was unbearable. However, under our law the burden of proof as to intolerable cruelty is upon the one who alleges it. *Augur* v. *Augur,* 133 Conn. 211, 213. The burden is upon the plaintiff to prove her material allegations and on the defendant to prove his. *Thaw* v. *Fairfield,* 132 Conn. 173, 179.

In cases such as these, where it appears that the parties have arrived at a point where they can no longer act as reasonable individuals, it is unfortunate for the child to be exposed to such an environment. It would seem that for her sake they would try to reconcile themselves and make a reasonably happy home and to seriously attempt to make the marriage work.

The court cannot find that the plaintiff or the defendant has sustained the burden of proof by showing the court by a fair preponderance of the evidence the fault to the extent required under our rule of law.

The issues are found, and judgment may enter, for the defendant on the complaint and the plaintiff on the cross complaint.